**CMH HOMES, et al., Petitioners,**

v.

**Adam PEREZ, Respondent.**

No. 10–0688.

Supreme Court of Texas.

Argued Feb. 3, 2011.

Decided May 27, 2011.

Brendan K. McBride, The McBride Law Firm, Rio Grande City, David L. Rumley, Wigington Rumley Dunn LLP, Corpus Christi, and Baldemar Gutierrez, Law Offices of Baldemar Gutierrez, Alice, for Adam Perez.

Scott A. Brister, Lino Mendiola, Andrews & Kurth L.L.P., Austin, Jorge C. Rangel, The Rangel Law Firm, P.C., Corpus Christi, for CMH Homes, Inc.

Augustin Rivera Jr., Dunn Weathered Coffey Rivera & Kapertism, P.C., Corpus Christi, for Bruce Robin Moore, Jr.

Justice WAINWRIGHT delivered the opinion of the Court.

Once more, this Court is presented with a question of the availability of judicial review of an interlocutory arbitration order. In this consumer dispute, CMH Homes, Inc. and Adam Perez agreed to submit their claims to arbitration but could not agree on an arbitrator. Because of this disagreement, the trial judge intervened and appointed an arbitrator to preside over their dispute. CMH Homes filed an interlocutory appeal challenging this appointment, requesting in the alternative that its appeal be treated as a mandamus petition. The court of appeals determined it was without jurisdiction and dismissed the suit. We agree with the court of appeals' determination that Texas Civil Practice and Remedies Code section 51.016 does not allow an interlocutory appeal of an order appointing an arbitrator. However, under these circumstances, CMH Homes's appeal may properly be considered as a petition for writ of mandamus. We remand for the court of appeals to consider this appeal as a petition for writ of mandamus.

## I. Background

### A. Facts and Procedure

On October 2, 2002, Adam Perez purchased a manufactured home from CMH Homes, with the help of salesman Bruce Robinson Moore Jr. Vanderbilt Mortgage and Finance provided financing for the purchase. The retail installment contract between CMH Homes and Perez contained an arbitration clause which provides:

All disputes, claims or controversies arising from or relating to this contract ... shall be resolved by mandatory binding arbitration by one arbitrator selected by Seller with Buyer's consent.

On November 2, 2009, Perez sued CMH Homes, Inc., Vanderbilt Mortgage and Finance, Inc., and Bruce Robinson Moore Jr. (hereinafter "CMH Homes") for fraud and violations of the Texas Debt Collection Act in the financing of his manufactured home. Perez filed a motion to compel arbitration on January 13, 2010. Although the parties agreed that the contract was governed by the Federal Arbitration Act and agreed to submit to arbitration, they could not agree to an arbitrator. After two months of disagreement, with both parties suggesting arbitrators in various correspondence, Perez's attorney declared an impasse.[1] On March 8, 2010, after a hearing, the trial court issued an order appointing Gilberto Hinojosa as arbitrator. Although the order was titled "Order on Plaintiff's Motion to Compel Arbitration," the only directive in the order was to name an arbitrator to preside over the dispute.

CMH Homes filed an interlocutory appeal pursuant to Texas Civil Practice and Remedies Code section 51.016, challenging the court's appointment of Gilberto Hinojosa as arbitrator. CMH Homes did not file a separate mandamus petition, but asked the court of appeals to consider its appeal as a mandamus proceeding in the alternative. See CMH Homes, Inc. v. Perez, 328 S.W.3d 592, 594 (Tex.App.-San Antonio 2010, pet. granted). The court of appeals determined that interlocutory appeal was unavailable under Civil Practice and Remedies Code section 51.016 and dismissed the case for want of jurisdiction. Id. at 593.

### B. Jurisdiction and Standard of Review

■ This court has jurisdiction to determine whether the court of appeals correctly decided its jurisdiction. See Badiga v. Lopez, 274 S.W.3d 681, 682 n. 1 (Tex. 2009) (citing Tex. Dep't of Crim. Justice v. Simons, 140 S.W.3d 338, 343 n. 13 (Tex. 2004)). We review the court of appeals' determination of its jurisdiction de novo. Villafani v. Trejo, 251 S.W.3d 466, 467 (Tex.2008).

■ Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments. See Lehmann v. Har–Con Corp., 39 S.W.3d 191, 195 (Tex.2001); see also Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex.1992) ("Interlocutory orders may be appealed only if permitted by statute." (citations omitted)). We strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. See, e.g., Tex. A & M Univ. Sys. v.

---

1. After receiving Perez's motion to compel arbitration, CMH Homes presented three names for consideration as potential arbitrators. Perez rejected the suggested arbitrators and presented CMH Homes with a proposed agreed order that compelled the parties to arbitration and left a blank for the court to appoint an arbitrator. CMH Homes did not agree to the proposed order and offered to submit two more arbitrator names for Perez's consideration. Instead, Perez sent a copy of the proposed order to the court and suggested three possible arbitrators for the court to appoint. In response, CMH Homes sent a letter to the court explaining that under the arbitration provision, CMH Homes, not Perez, has the right to designate the arbitrator and suggested two more arbitrators. The letter also indicates that the parties were considering one of the two arbitrators, Donato Ramos, but Perez was concerned about conflicts of interests because his attorneys had financial connections to Ramos. The court held a hearing on February 9, 2010 where the parties appeared to agree to the appointment of Ramos. However, when the parties could not agree to a waiver of conflicts for Ramos, the agreement fell apart. Perez notified the court that they could not reach an agreed waiver and again asked the court to appoint an arbitrator and re-submitted the three names previously suggested, including Gilberto Hinojosa.

*Koseoglu,* 233 S.W.3d 835, 841 (Tex.2007); *Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex.2001) (citation omitted).

## II. Discussion

First, we must determine whether the court of appeals lacked jurisdiction under Texas Civil Practice and Remedies Code section 51.016 of an interlocutory appeal of an order appointing an arbitrator. If section 51.016 does not provide jurisdiction, we then decide whether the court of appeals should have considered CMH Homes's interlocutory appeal as a petition for writ of mandamus.

### A. *Texas Civil Practice and Remedies Code Section 51.016*

■ Prior to the Legislature's 2009 amendment to the Texas Arbitration Act (TAA), parties seeking to appeal an order refusing to compel arbitration would commonly file two separate appellate proceedings. Under the TAA, a party could bring an interlocutory appeal of an order denying arbitration. *See* Tex. Civ. Prac. & Rem. Code § 171.098. Under the Federal Arbitration Act (FAA), a party could only challenge an order denying arbitration by mandamus. *Jack B. Anglin,* 842 S.W.2d at 271–72. As a result, parallel proceedings were the norm in Texas arbitration disputes where parties were unsure which arbitration act applied. Although "unnecessarily expensive and cumbersome," such parallel proceedings were required. *Id.* at 272. Twice, this Court requested that the Legislature "consider amending the Texas Act to permit interlocutory appeals of orders issued pursuant to the Federal Act." *Id.; In re D. Wilson Constr. Co.,* 196 S.W.3d 774, 780 n. 4 (Tex.2006) (quoting *Jack B. Anglin,* 842 S.W.2d at 272). In response, the Legislature added section 51.016 to the Civil Practice and Remedies Code in 2009. Act of May 27, 2009, 81st Leg., R. S., ch. 820, §§ 1, 3, 2009 Tex. Gen. Laws 2061 (codified at Tex. Civ. Prac. & Rem.Code § 51.016). This is our first opportunity to construe the scope of the Legislature's remedial action.

■ Section 51.016 provides that a party may appeal a judgment or interlocutory order "under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." Tex. Civ. Prac. & Rem. Code § 51.016. Section 16 of the FAA provides:

(a) An appeal may be taken from—

  (1) an order—

    (A) refusing a stay of any action under section 3 of this title,

    (B) denying a petition under section 4 of this title to order arbitration to proceed,

    (C) denying an application under section 206 of this title to compel arbitration,

    (D) confirming or denying confirmation of an award or partial award, or

    (E) modifying, correcting, or vacating an award;

  (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

  (3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—

  (1) granting a stay of any action under section 3 of this title;

  (2) directing arbitration to proceed under section 4 of this title;

(3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16. Civil Practice and Remedies Code section 51.016 expressly incorporates federal law. Thus, an interlocutory appeal in this case is permitted only if it would be permitted under the same circumstances in federal court under section 16. *See Little v. Tex. Dep't of Crim. Justice,* 148 S.W.3d 374, 381–82 (Tex.2004) (examining federal law when interpreting state statute that incorporated federal statute).

In considering the scope of section 16's jurisdictional grant, we first determine the nature of the order being appealed. The order at issue is entitled "Order on Plaintiff's Motion to Compel Arbitration" and appoints Gilberto Hinojosa as arbitrator. Although Perez's motion to compel arbitration did not request that the trial court appoint an arbitrator, Perez submitted letters to the court administrator declaring an impasse and requesting the trial judge appoint an arbitrator.

At first glance, this order may appear to fit within section 16(b)(2) as an order "directing arbitration to proceed." 9 U.S.C. § 16(b)(2). The "Order on Plaintiff's Motion to Compel Arbitration" was issued in response to Perez's motion requesting that the trial court compel arbitration. But the substance of the order is the appointment of Gilberto Hinojosa as arbitrator. *See Del Valle Indep. Sch. Dist. v. Lopez,* 845 S.W.2d 808, 809 (Tex.1992) ("[I]t is the character and function of an order that determine its classification."). While it may be argued that by appointing an arbitrator the order implicitly compels the parties to arbitration, the order does not explicitly grant Perez's motion to compel and does not explicitly compel the parties to arbitrate their dispute. There is no question that both parties agreed to arbitrate their dispute; the open question remaining was who would serve as the arbitrator. The purpose of the order was to answer that question.

Section 5 of the FAA explicitly permits a trial court to appoint an arbitrator under certain circumstances. 9 U.S.C. § 5. Where the parties have previously agreed to a method for selecting an arbitrator, the parties must follow that method. *Id.* However, if the agreed upon method breaks down and there is a lapse in appointing an arbitrator, the parties may petition the trial court to appoint an arbitrator. *Id.*

■ An order appointing an arbitrator under section 5 is neither listed in section 16(a) (where appeals may be taken) nor in section 16(b) (where appeals may not be taken). 9 U.S.C. § 16(a), (b). Even though section 16 is silent on the matter, CMH Homes argues that an appeal of an order appointing an arbitrator is "permitted by Section 16" because some federal circuit cases may have entertained interlocutory appeals regarding appointment of arbitrators pursuant to section 5.[2] However, none of the cited cases mentions whether the appeal is interlocutory and all but one of the cited cases fails to specifically discuss its jurisdictional basis or cite section 16.[3] *Nat'l Am. Ins. Co. v. Trans-*

---

**2.** CMH Homes relies upon the following cases: *Nat'l Am. Ins. Co. v. Transamerica Occidental Life Ins. Co.,* 328 F.3d 462 (8th Cir. 2003); *ACEquip Ltd. v. Am. Eng'g Corp.,* 315 F.3d 151 (2d Cir.2003); *Universal Reinsurance Corp. v. Allstate Ins. Co.,* 16 F.3d 125 (7th Cir.1994); *ATSA of Cal., Inc. v. Cont'l Ins. Co.,* 754 F.2d 1394 (9th Cir.1985).

**3.** CMH Homes also cites the Ninth Circuit case *ATSA of California, Inc. v. Continental Insurance Co.,* 754 F.2d 1394 (9th Cir.1985). But because this case was decided before

*america Occidental Life Ins. Co.*, 328 F.3d 462 (8th Cir.2003) (affirming the district court's selection of an arbitrator pursuant to section 5); *ACEquip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151 (2d Cir.2003) (same); *see also The Stop & Shop Supermarket Co. LLC v. United Food & Commercial Workers Union Local 342*, 246 Fed.Appx. 7 (2d Cir.2007) (same). The one exception, *Universal Reinsurance*, specifically establishes its jurisdiction "pursuant to 9 U.S.C. § 16(a)(3), which authorizes review of 'a final decision with respect to an arbitration. . . .'" *Universal Reinsurance Corp. v. Allstate Ins. Co.*, 16 F.3d 125, 126 (7th Cir.1994). Neither CMH Homes nor Perez has suggested that this appeal was anything other than interlocutory. Because the trial court did not enter a dismissal or otherwise dispose of all parties and claims,

the order remains interlocutory and cannot be appealed under section 16(a)(3).[4] *See In re Gulf Exploration, LLC*, 289 S.W.3d 836, 839 (Tex.2009) ("[T]here can be an appeal if the underlying case is dismissed." (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86–87, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000))). Although we presume a court always evaluates its jurisdiction before deciding a matter, these cases do not indicate whether their jurisdictional basis was section 16, and if so, whether the basis was section 16(a)(3) for final orders.[5] The only federal circuit case that speaks directly to the jurisdictional issue is *O.P.C. Farms Inc. v. Conopco Inc.*, which held that under section 16, the trial court's order appointing an arbitrator was not a final decision and was thus unappealable.[6] 154 F.3d 1047, 1048–49 (9th Cir.

---

section 16 was enacted, it does not interpret section 16.

4. In state court, cases are typically stayed pending arbitration rather than dismissed, as frequently is the case in federal court. In *In re Gulf Exploration, LLC,* we explained:

> Arbitrability is often the only issue in federal court because nondiverse parties may prevent removal of the underlying case from state court; in such cases, even a stay order will be considered final if the federal action is effectively over. But in the state courts, disputes about arbitrability and the merits must usually proceed in a single court under rules of dominant jurisdiction.
>
> Accordingly, a stay is generally the only appropriate order for a state court with jurisdiction of all issues. Indeed, the Texas Arbitration Act states that "[a]n order compelling arbitration must include a stay" of the underlying litigation. During arbitration, a court order may be needed to replace an arbitrator, compel attendance of witnesses, or direct arbitrators to proceed promptly; after arbitration, a court order is needed to confirm, modify, or vacate the arbitration award. Consequently, dismissal would usually be inappropriate because the trial court cannot dispose of all claims and all parties until arbitration is completed.

289 S.W.3d 836, 840–41 (Tex.2009) (citations omitted).

5. The appellants in *National American* and *ACEquip* represented to the circuit courts that the order being appealed was final. *See* Appellant's Brief at 3, *ACEquip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151 (2d Cir.2003); Appellant's Brief at 1, *Nat'l Am. Ins. Co. v. Transamerica Occidental Life Ins. Co.*, 328 F.3d 462 (8th Cir.2003). The appellees did not challenge this assertion in *ACEquip, see* Brief of Plaintiff–Appellee, *ACEquip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151 (2d Cir.2003), and appear not to have challenged the assertion in *National American, see* Reply Brief of Appellant, *Nat'l Am. Ins. Co. v. Transamerica Occidental Life Ins. Co.*, 328 F.3d 462 (8th Cir.2003). In both cases, the parties treated the order appointing an arbitrator as final, and the courts of appeals appear to have taken the parties at their word.

6. In its analysis, the court in *O.P.C. Farms* concluded that an order appointing an arbitrator is "embedded" in the case. *O.P.C. Farms Inc. v. Conopco Inc.*, 154 F.3d 1047, 1049 (9th Cir.1998) (citation omitted). However, the United States Supreme Court eliminated the distinction between embedded and independent proceedings in *Green Tree*, which may raise questions about the precedential value of this case. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 87–89, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000).

1998). The court explained: "[T]he only basis for an appeal ... that could even be plausibly argued is § 16(a)(3). It is, however, clear that the appointment of the third arbitrator is not the final decision in this case.... Consequently § 16 effectively deprives us of jurisdiction." *Id.*

The appellate jurisdiction of Texas courts in this case is based on federal law. The court of appeals had jurisdiction to consider the trial court's order if "appeal ... would be permitted by 9 U.S.C. Section 16" in federal court. Tex. Civ. Prac. & Rem.Code § 51.016. Because there is no apparent federal approach to judicial review under section 16 of orders appointing arbitrators, we will not extrapolate jurisdiction from a dearth of federal authority to allow an interlocutory appeal where the law is unclear and section 16 suggests otherwise.

Before the enactment of section 51.016, we specifically invited the Legislature " '[i]n the interests of promoting the policy considerations of rigorous and expedited enforcement of arbitration agreements, ... to consider amending the Texas Act to permit interlocutory appeals of orders issued pursuant to the Federal Act.' " *See In re D. Wilson,* 196 S.W.3d at 780 n. 4 (quoting *Jack B. Anglin,* 842 S.W.2d at 272). While we agree the Legislature added section 51.016 to prevent unnecessary parallel proceedings, this inconsistency generally arose when parties were unsure whether the TAA or the FAA applied to their agreement. *See Jack B. Anglin,* 842 S.W.2d at 272 ("[L]itigants who allege enti-

tlement to arbitration under the Federal Act, and in the alternative, under the Texas Act, are burdened with the need to pursue parallel proceedings—an interlocutory appeal of the trial court's denial under the Texas Act, and a writ of mandamus from the denial under the Federal Act."). The Legislature in enacting section 51.016 has remedied this particular situation and enacted a policy change that promotes efficiency and common sense. *See Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.,* 327 S.W.3d 859, 862 (Tex.App.-Dallas 2010, no pet.); *Ranchers & Farmers Mut. Ins. Co. v. Stahlecker,* No. 09–10–00286–CV, 2010 WL 4354020, at *1 (Tex. App.-Beaumont Nov. 4, 2010, no pet.) (mem.op.); *In re Rio Grande Xarin II, Ltd.,* Nos. 13–10–00115–CV, 13–10–00116–CV, 2010 WL 2697145, at *3–4 (Tex.App.-Corpus Christi–Edinburg July 6, 2010, pet. dism'd) (mem.op.); *950 Corbindale, L.P. v. Kotts Capital Holdings Ltd. P'ship,* 316 S.W.3d 191, 195 n. 1 (Tex.App.-Houston [14th Dist.] 2010, no pet.).

■ Here, however, the issue is not which Act applies, but whether this particular type of order is appealable. Just as all interlocutory arbitration orders are not subject to appeal under the TAA, the Legislature in enacting section 51.016 did not intend to make all interlocutory orders under the FAA appealable, only those permitted by section 16 of the FAA.[7] Our interpretation does not promote parallel proceedings of arbitration orders under the TAA and FAA and does not frustrate

---

7. The language of section 51.016, and therefore FAA section 16, also indicates the Legislature did not intend to create a comprehensive appellate scheme making all FAA orders appealable through interlocutory appeal, but instead focused on denials of arbitration. *See* Tex. Civ. Prac. & Rem.Code § 51.016; 9 U.S.C. § 16; *In re Gulf Exploration,* 289 S.W.3d at 839 ("[T]he FAA 'generally permits immediate

appeal of orders hostile to arbitration ... but bars appeal of interlocutory orders favorable to arbitration.' " (quoting *Green Tree,* 531 U.S. at 86, 121 S.Ct. 513)); *see also May v. Higbee Co.,* 372 F.3d 757, 762 (5th Cir.2004) (noting the "general, congressionally mandated rule that anti-arbitration decisions are immediately appealable under § 16(a)(1)").

the Legislature's intent in enacting section 51.016.

The court of appeals below correctly determined it was without jurisdiction to hear an interlocutory appeal pursuant to section 51.016. The only remaining appellate option for the parties at this juncture is mandamus relief.

## B. Mandamus

■ Because Civil Practice and Remedies Code section 51.016 does not allow an interlocutory appeal of this type of order, CMH Homes requests in the alternative that we instruct the court of appeals to treat CMH Homes's appeal as a petition for writ of mandamus to prevent form from overriding substance.

Before the adoption of section 51.016, this Court held in *In re Louisiana Pacific Corp.* that a trial court's order appointing an arbitrator could be reviewed by mandamus. 972 S.W.2d 63, 64 (Tex.1998) (per curiam). The arbitration agreement in *Louisiana Pacific* allowed each party to select an arbitrator. *Id.* at 63. After Louisiana Pacific withdrew its arbitrator due to the objection of the other party, the trial court improperly appointed an arbitrator pursuant to section 5 of the FAA. *Id.* at 64. We conditionally issued the writ "[b]ecause the terms of the contract and the FAA allow[ed] Louisiana Pacific to choose an arbitrator" before the trial court intervened to name a replacement. *Id.* We explained the importance of contractual arbitrator selection: "Since its inception, one of the central purposes of the FAA has been to allow the parties to select their own arbitration panel if they choose to do so. Toward this end, it is desirable that the arbitration panel consist of arbitrators chosen by each of the parties.' " *Id.* at 65 (quoting *Lobo & Co. v. Plymouth Navigation Co.,* 187 F.Supp. 859, 860 (S.D.N.Y. 1960)).

■ Although this court decided *Louisiana Pacific* when FAA interlocutory orders could only be reviewed by mandamus, the Legislature's addition of section 51.016 is of no effect here. As explained above, section 51.016 does not provide for interlocutory appeal of an order appointing an arbitrator. There is still no remedy by appeal because the FAA does not provide for the review of this type of order in state court. *See id.* at 65 ("Louisiana Pacific has no adequate remedy by appeal because the FAA does not provide for review of the trial court's actions in state court."). Moreover, "[m]andamus is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal, as when a party is erroneously denied its contracted-for arbitration rights under the FAA." *In re D. Wilson,* 196 S.W.3d at 780 (internal citation omitted); *see also Jack B. Anglin,* 842 S.W.2d at 272–73 (awarding mandamus relief where a party "would be deprived of the benefits of the arbitration clause it contracted for, and the purpose of providing a rapid, inexpensive alternative to traditional litigation would be defeated").

Perez argues mandamus review is inappropriate because CMH Homes failed to file a separate mandamus petition and, citing *Jack B. Anglin,* contends that the court "may not enlarge [its] appellate jurisdiction absent legislative mandate." 842 S.W.2d at 272. However, CMH Homes invoked the court of appeals' appellate jurisdiction by specifically requesting that its appeal be treated as a mandamus petition. *See Warwick Towers Council of Co-Owners v. Park Warwick, L.P.,* 244 S.W.3d 838, 839 (Tex.2008) ("[T]he factor which determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the bond, certificate or affidavit, but whether the instrument was filed in a bona fide attempt to invoke

appellate court jurisdiction." (internal quotations and citations omitted)); *see also Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex.1994) ("The court of appeals ... has jurisdiction over the appeal if a party files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."); *Grand Prairie Indep. Sch. Dist. v. S. Parts Imps.*, 813 S.W.2d 499, 500 (Tex. 1991) ("If the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal.").

■ Texas policy as " 'embodied in our appellate rules ... disfavors disposing of appeals based upon harmless procedural defects.' " *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 688 (Tex.2008) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex.1997)); *see also* Tex.R.App. P. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."). This Court has previously treated a petition for review as a petition for writ of mandamus where the appellant/relator specifically sought mandamus relief. *Powell v. Stover*, 165 S.W.3d 322, 324 n. 1 (Tex.2005). And it is our practice when confronted with parallel mandamus and appeal proceedings "to consolidate the two proceedings and render a decision disposing of both simultaneously." *In re Valero Energy Corp.*, 968 S.W.2d 916, 917 (Tex.1998).

■ Moreover, nothing in the procedures for interlocutory appeals and mandamus actions prevents us from treating this appeal as a petition for writ of mandamus. Appeals from interlocutory orders are accelerated, and an accelerated appeal is perfected by filing a notice of appeal within twenty days of the order. *See* Tex. R.App. P. 26.1(b). Because mandamus is "controlled largely by equitable principles," there is no fixed deadline for filing original proceedings in the Texas Rules of Appellate Procedure. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (citations omitted). An appeal complying with the rules governing an accelerated appeal would generally be timely for mandamus purposes. Additionally, briefs in mandamus actions and interlocutory appeals have the same content and page length requirements. *Compare* Tex.R.App. P. 38.1, .4 (stating contents of brief and page length requirement for appeal to the courts of appeals), *with* Tex.R.App. P. 52.3, .6 (stating contents of brief and page length requirement for original proceedings at the supreme court and courts of appeals). "[T]he interests of promoting the policy considerations of rigorous and expedited enforcement of arbitration agreements" would not be served by letting a technicality rule the day.[8] *Jack B. Anglin*, 842 S.W.2d at 272.

We will not unnecessarily waste the parties' time and further judicial resources by requiring CMH Homes to file a separate document with the title "petition for writ of mandamus" listed on the cover where the party has expressly requested mandamus treatment of its appeal in an uncertain legal environment. *See Wagner & Brown, Ltd. v. Horwood*, 53 S.W.3d 347, 351 (Tex.2001) (rejecting an "approach [that] catapults form over substance to deny appellate review on the merits").

---

8. Although we note that CMH Homes's petition was not certified at this Court as required by Texas Rule of Appellate Procedure 52.3(j), we are confident that CMH Homes will fully comply with Rule 52 on remand to the court of appeals.

Because CMH Homes specifically requested mandamus relief in the court of appeals and preserved that issue in this Court, and because judicial efficiency militates against requiring CMH Homes to file a separate original proceeding, we instruct the court of appeals to consider this appeal as a petition for writ of mandamus. Today, we speak only to the propriety of mandamus *review* and not to the propriety of mandamus *relief* in this particular case. Because the merits were not briefed to this Court, we do not decide whether the trial judge improperly appointed an arbitrator.

### III. Conclusion

We hold that Texas Civil Practice and Remedies Code section 51.016 does not permit interlocutory appeal from an order appointing an arbitrator. However, this appeal may properly be considered as a petition for writ of mandamus, as CMH Homes requested. The court of appeals erred in dismissing CMH Homes's appeal for lack of jurisdiction. Accordingly, we reverse and remand to the court of appeals for further proceedings consistent with this opinion.