# NO. 12-12-00242-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *WILLIAM W. ADAMS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*

Relator, William W. Adams, filed an appeal from the trial court's order finding him in contempt of its permanent injunction, ordering an accounting, and awarding attorney's fees. In response to our letter requesting legal authority and argument showing the jurisdiction of this court, Adams requested that this court treat his appeal as a mandamus petition.

We conclude that Adams has invoked this court's original jurisdiction, and we treat the appeal as a petition for writ of mandamus.[1] We conditionally grant Adams's petition.

### BACKGROUND

Adams and the real parties in interest, Bettye Mosley Pate, Alzia Dean Mosley Smith, Vivian Mosley Davis, and Lillian Price (the Mosleys), are the joint owners of 130 acres in Shelby County primarily used to grow timber. Litigation between the various owners regarding the harvesting of timber on the property was resolved by the entry on March 23, 1999, of an agreed permanent injunction enjoining both Adams and the Mosleys from selling, mortgaging, cutting, or removing timber on the property.

On February 24, 2012, the Mosleys filed an Emergency Motion to Enforce Permanent Injunction and for Contempt contending that Adams had cut timber on the property in violation

---

[1] The respondent is the Honorable Charles R. Mitchell, Judge of the 273rd Judicial District Court, Shelby County, Texas.

of the permanent injunction. On March 13, 2012, the trial court set hearing on the Mosleys' motion for May 4, 2012.

Adams lives in a nursing home in Houston. He suffers from Parkinson's disease and generally deteriorating mental and physical condition. He requires help to manage his affairs. The effort to serve Adams at his former home address was unsuccessful, and the court granted the Mosleys' motion for substituted service on April 24, 2012. Substituted service was effected by serving Adams's niece, Felicia Campbell, on April 30, 2012. Despite the delay in effecting service on Adams, the hearing remained set for May 4, four days after service.

Ms. Campbell, who looks after her uncle's affairs, apparently thought no answer was due until the answer date on the citation and failed to take note of the notice of hearing within the citation. She did not make Adams aware of the hearing, because she was not cognizant of it until she met with an attorney and learned that the citation also contained a notice of hearing. By that time, the scheduled hearing had already been held.

At the hearing on May 4, 2012, the trial court found Adams in contempt, ordered him to render an accounting for the timber cut and sold, and to pay $2,250 in attorney's fees. The trial court signed the final order on May 14, 2012.

On May 31, 2012, Adams filed an original answer and motion for new trial together with his niece's affidavit. Ms. Campbell stated in her affidavit that her uncle's failure to appear was not intentional or the result of conscious indifference, but because of the short notice and her ignorance of the appearance date. She stated that he lacked the ability to manage his own affairs and that he required her help in handling them. In her affidavit, she said that her uncle had never contracted with or directed anyone to cut timber on the property, that he had received no proceeds from the timber cutting and, in fact, knew nothing about it. Adams averred in his motion that the granting of the motion would not cause harm or undue delay to the Mosleys. Adams's attorney sent a separate letter to the judge, while the motion was pending, offering to pay the Mosleys' reasonable attorney's fees incurred in obtaining the default judgment.

The Mosleys did not file a response to Adams's motion for new trial. The trial court held no hearing on the motion, and it was overruled by operation of law.

## JURISDICTION

In his original brief, Adams styled this case as an appeal of the trial court's order holding him in contempt for violation of that court's permanent injunction. Adams now requests that we treat his appeal as a petition for writ of mandamus.

The general rule, with few exceptions, is that an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all claims and parties before the court. *Id*. A trial court can enforce its orders by contempt, regardless of the status of the claims between the parties before it. *In re Office of Attorney Gen. of Tex.*, 215 S.W.3d 913, 915-16 (Tex. App.–Fort Worth 2007, orig. proceeding). Contempt proceedings do not purport to dispose of all claims and parties before the court. *Id*. Therefore, an order finding a party in contempt is not a final judgment, and an appellate court has no jurisdiction to review such an order on direct appeal. *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985) (per curiam). Consequently, we have no jurisdiction to consider a direct appeal of the trial court's order holding Adams in contempt. *See id*. And an order denying a motion for new trial is not independently appealable. *See, e.g.*, *State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.–Corpus Christi 2011, pet. denied).

Nevertheless, in an appropriate case, we may treat an appeal as a petition for writ of mandamus. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452-53 (Tex. 2011). An appellant who specifically requests that its appeal be treated as a mandamus petition invokes this court's original jurisdiction. *Id*.; *see also* TEX. GOV'T CODE ANN. § 22.221(b) (West 2004) (authorizing courts of appeals to issue writs of mandamus). In *CMH Homes*, an appellant who filed an appeal from an unappealable order was held entitled to have its appeal treated as a petition for writ of mandamus because the appellant specifically requested mandamus relief. *CMH Homes*, 340 S.W.3d at 453-54. The supreme court dispensed with the requirement that the appellant file a separate document titled "petition for writ of mandamus" because insisting on such a formality would only serve to "unnecessarily waste the parties' time and further judicial resources." *Id*.

## MANDAMUS

Mandamus relief is available if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court has no discretion in determining what

3

the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). If the trial court fails to analyze or apply the law correctly, the trial court abuses its discretion. *Id*. With respect to the resolution of factual issues, however, the reviewing court may not substitute its judgment for that of the trial court. *Id*. at 839. Therefore, in challenging factual determinations, the relator must establish that the trial court could have reasonably reached only one conclusion. *Id*. at 840. Adams does not have recourse to an appeal to challenge the trial court's contempt order and its failure to grant his motion for new trial. *See Norman*, 692 S.W.2d at 655; *Berdan*, 335 S.W.3d at 428. Consequently, the only remaining question is whether Adams has established that the trial court has clearly abused its discretion. *See In re Prudential*, 148 S.W.3d at 135-36.

## ABUSE OF DISCRETION

In his second issue, Adams contends the trial court abused its discretion in failing to grant his motion for new trial when he had satisfied all of the *Craddock* elements for new trial.

## Standard of Review andApplicable Law

The trial court's failure to grant a motion for new trial is reviewed for abuse of discretion. *Cliff v. Huggins*, 724 S.W.2d 778, 778-79 (Tex. 1987).

The trial court abuses its discretion if it fails to grant a defendant's motion for new trial where the defendant has demonstrated that (1) its failure to answer was due to mistake or accident and was not intentional or the result of conscious indifference, (2) the defendant alleges a meritorious defense to the claims against him, and (3) the granting of the motion will not cause harm or undue delay to the plaintiff. *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939).

Under *Craddock*, conscious indifference must amount to more than mere negligence to preclude the setting aside of a default judgment. *Custom-Crete v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 660 (Tex. App.–San Antonio 2002, no pet.); *Ferguson & Co. v. Roll*, 776 S.W.2d 692, 697 (Tex. App.–Dallas 1989, no writ) (citing Pohl and Hittner, *Judgment by Default in Texas*, 37 Sw.L.J. 421, 443). The historical trend in default judgment cases is toward the liberal granting of new trials. *Miller v. Miller*, 903 S.W.2d 45, 47 (Tex. App.–Tyler 1995, no writ).

To satisfy the meritorious defense element of the *Craddock* test, the motion for new trial must allege facts that, in law, would constitute a defense to the cause of action asserted by the

4

plaintiff. ***Ivy v. Carrell***, 407 S.W.2d 212, 214 (Tex. 1986). The motion also must be supported by affidavits or other evidence proving prima facie that the defendant has such a meritorious defense. ***Id***. A meritorious defense is one that, if proved upon the retrial of the case, would cause a different result, although it need not be a totally opposite result. ***Ferguson & Co.***, 776 S.W.2d at 698 (citing ***The Moving Co. v. Whitten***, 717 S.W.2d 117, 120 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.)). To satisfy the third element of the ***Craddock*** test, the defendant must represent that granting the motion for new trial will not cause delay or otherwise injure the plaintiff. ***Estate of Pollack v. McMurrey***, 858 S.W.2d 388, 393 (Tex. 1993). This representation shifts the burden to the plaintiff to demonstrate injury. ***Id.***

**Discussion**

Adams is an elderly person living in a nursing home suffering from Parkinson's disease. His generally deteriorating mental and physical condition requires that his niece, Felicia Campbell, look after his affairs. When Ms. Campbell was served with citation, the citation presumably had an answer date later than the hearing. She did not discover the notice that the final hearing for violation of the permanent injunction was only four days away. She did not inform her uncle of the hearing until after it had been held because she was unaware of it herself. When the attorney informed her that the hearing had already taken place, a timely motion for new trial was filed on Adams's behalf. These facts, which are stated in Ms. Campbell's affidavit attached to the motion for new trial, demonstrate that Adams's failure to appear was due to accident or mistake and not to conscious indifference.

The affidavit also sets out facts that, if proven at trial, would cause an entirely different result. The affidavit states that defendant knew nothing of the timber cutting, did not authorize it, and had received no money from it. Adams has shown a meritorious defense.

Adams also alleged that the granting of his motion would not cause injury or undue delay to the Mosleys. Adams, in a separate letter to the trial court sent by his attorney during the pendency of the motion, offered to pay the Mosleys' reasonable attorney's fees incurred in obtaining the default judgment. Adams's representation that no injury to the Mosleys or undue delay would result from the granting of the motion shifted the burden to the Mosleys to show injury. *See* ***Estate of Pollack***, 858 S.W.2d at 393. The Mosleys made no showing of injury or undue delay. Adams's motion satisfied ***Craddock's*** third element.

5

We conclude that Adams satisfied the three elements of ***Craddock***. Therefore, the trial court abused its discretion in failing to grant Adams's motion for new trial.

<u>CONCLUSION</u>

We have concluded that the trial court abused its discretion in failing to set aside its May 14, 2012 contempt order by granting Relator a new hearing on the Mosleys' Emergency Motion to Enforce Permanent Injunction and for Contempt. Because Adams has no remedy by appeal, we ***conditionally grant*** mandamus relief. Accordingly, we order the trial court to vacate its order of May 14, 2012, holding Adams in contempt, ordering an accounting, and awarding attorney's fees. The writ will issue only if the trial court fails to comply with this court's opinion and order ***within ten (10) days after the date of the opinion and order***. The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing such compliance.

**BILL BASS**
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Griffith, J., Hoyle, J. and Bass, Retired J., Twelfth Court of Appeals sitting by assignment.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# <u>ORDER</u>

**JULY 31, 2013**

**NO. 12-12-00242-CV**

**WILLIAM W. ADAMS,**
Relator
v.
**HON. CHARLES R. MITCHELL**,
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **WILLIAM W. ADAMS**, who is the relator in Cause No. 97CV-25,690, pending on the docket of the 273rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on July 16, 2012, and the same having been duly considered, because it is the opinion of this Court that the petition is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **CONDITIONALLY GRANTED**.

And because it is further the opinion of this Court that the trial judge will act promptly court to vacate its order of May 14, 202 holding Relator in contempt, ordering an accounting, and awarding attorney's fees, the writ of mandamus will not issue unless the Honorable Charles R. Mitchell, Judge of the 273rd Judicial District Court of Shelby County fails to comply with this Court's order within ten (10) days from the date of this order.

It is further ordered that the real parties in interest, **BETTYE MOSLEY PATE, ALZIA DEAN MOSLEY SMITH, VIVIAN MOSLEY DAVIS, AND LILLIAN PRICE,** pay all costs incurred by reason of this proceeding.

Bill Bass, Justice.

*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*