

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00690-CV

**IN RE ESTATE OF** Alvilda M. **AGUILAR**, Deceased

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2012-PC-2802
Honorable Tom Rickhoff, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  June 4, 2014

DISMISSED FOR WANT OF JURISDICTION

This is an attempted appeal from a probate court's order granting a motion to transfer to itself a wrongful death action pursuant to section 34.001 of the Texas Estates Code. We dismiss the appeal for want of jurisdiction.

### BACKGROUND

A detailed rendition of the underlying facts is unnecessary to our disposition of the case. Accordingly, we provide only those facts necessary for context.

Appellants Anthony C. Aguilar and Michael A. Aguilar ("the Brothers") sued appellees Margaret Morales and Jesus Morales (collectively "Morales") in the 205th District Court of El Paso County, Texas, for the wrongful death of Alvilda M. Aguilar – the mother of Anthony, Michael, and Margaret. The Brothers sued Morales in an individual capacity seeking past and

future mental anguish damages for allegedly causing the death of Alvilda shortly after the death of their father, Ramiro Aguilar Jr.

At the time the Brothers filed the wrongful death suit, Margaret Morales was serving as the representative of the estate of Alvilda Aguilar, which was pending before Bexar County Probate Court No. 2. Margaret filed a motion to transfer the Brothers' wrongful death claim from the El Paso district court to the Probate Court No. 2 under section 34.001 of the Texas Estates Code. The probate court granted the motion and the Brothers subsequently perfected this appeal.

## ANALYSIS

A transfer pursuant to section 34.001 of the Estates Code is essentially a specialized form of venue transfer for matters relating to a probate proceeding pending in a probate court. *See* TEX. EST. CODE ANN. § 34.001 (West 2014); *see also Gonzalez v. Reliant Energy, Inc.*, 159 S.W. 615, 622 (Tex. 2005) ("the transfer of a case [under section 34.001] pertains to venue, not jurisdiction."). "Generally, interlocutory appeal is unavailable from a trial court's determination of a venue question." *Harding Bars, LLC v. McCaskill*, 374 S.W.3d 517, 519 (Tex. App.—San Antonio 2012, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a)). As a result, a party must usually wait until a final judgment occurs to appeal a ruling regarding venue. *See id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b)). Such was the case in our recent decision in *In re Estate of Aguilar*, where we considered the merits of a section 34.001 transfer only after the trial court rendered orders that were final for purposes of appeal. *See* No. 04-13-00038-CV, 2014 WL 667516 (Tex. App.—San Antonio Feb. 19, 2014, pet. filed) (considering merits of section 34.001 transfer as part of review of orders constituting exceptions to the one final judgment rule under *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006)).

Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal. *Ogletree v. Matthews*, 262 S.W.3d 316, 318–19 n.1 (Tex. 2007).

Here, we have reviewed the record and hold there is no final judgment that would permit concomitant review of the probate court's transfer order, and there is no statute permitting an interlocutory appeal from the probate court's section 34.001 transfer. *See id.* Nor is the order in question the type of order that is considered an exception to the one final judgment rule under *De Ayala. See Estate of Aguilar*, 2014 WL 667516. Accordingly, we must dismiss this attempted appeal for want of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a); TEX. EST. CODE ANN. § 34.001.

This court recognizes that when a probate court transfers a case to itself without statutory authority, as alleged here, it has actively interfered with another court's jurisdiction and mandamus relief should be granted. *In re Reliant Energy, Inc.*, 159 S.W.3d 624, 626 (Tex. 2005). We also recognize that, in certain circumstances, we may treat an appeal as a petition for writ of mandamus. *See CMH Homes v. Perez*, 304 S.W.3d 444, 452–53 (Tex. 2011); *In re Adams*, 416 S.W.3d 556, 560 (Tex. App.—Tyler 2013, orig. petition). However, to do so, the party seeking appellate review must specifically request that its appeal be treated as a mandamus petition to invoke this court's original jurisdiction. *See CMH Homes*, 340 S.W.3d at 452; *In re J.P.L.*, 359 S.W.3d 695, 703 (Tex. App.—San Antonio 2011, pet. denied); *Adams*, 416 S.W.3d at 561; *Icon Benefit Adm'rs II, L.P. v. Mullin*, 405 S.W.3d 257, 263 (Tex. App.—Dallas 2013, no pet.); *Lucchese, Inc. v. Solana*, 388 S.W.3d 343, 349–50 (Tex. App.—El Paso 2012, no pet.); *In re D & KW Family, L.P.*, No. 01-11-00276-CV, 2012 WL 3252683 (Tex. App.—Houston [1st Dist.] Aug. 9, 2012, orig. proceeding, no pet.); *but see Haffelfinger v. Adams*, No. 03-12-00512-CV, 2013 WL 6178570 (Tex. App.—Austin Nov. 21, 2013, no pet.) (construing appeal as petition for writ of mandamus even though party did not request it to do so). Here, the Brothers have not requested this court to consider their appeal, alternatively, as a petition for writ of mandamus. Accordingly, we will not construe their appeal as such.

## CONCLUSION

Based on the foregoing, we dismiss the appeal for want of jurisdiction.


Marialyn Barnard, Justice