ACCEPTED
01-18-00298-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/25/2018 3:10 PM
CHRISTOPHER PRINE
CLERK

No. 01-18-00298-CV

_____

# In the Court of Appeals of Texas
# for the First District

FILED IN
COURT OF APPEALS
HOUSTON, TEXAS
5/25/2018 3:10:26 PM
CHRISTOPHER A. PRINE
Clerk

_____

### Eric Lynn Baumgart
Appellant

VERSUS

### Phillip Douglas Archer; KPRC-TV Channel 2; Graham Media Group, Houston, Inc.; Graham Media Group; Graham Holdings Company
Appellees

✳  ✳  ✳

### On interlocutory appeal from the
### 157TH District of Texas-Harris County
### Cause Number 2017-83349

_____

# Appellant's Statement of Jurisdiction

_____

**Eric L. Baumgart**
Appellant pro se

PO Box 613
Nome, Texas 77629
(409) 338-1661 Telephone
eric.baumgart
    @texasinvestigations.us

**TO THE HONORABLE COURT OF APPEALS OF TEXAS:**

INTO COURT COMES, the appellant ERIC LYNN BAUMGART, pro se, who files this statement of jurisdiction and in support thereof would respectfully show the court as follows:

## PREDICATE BACKGROUND

On May 17th, 2018 the court of appeals required the appellant to show authority that the appellate court has jurisdiction in this case. The appellant was given ten days to show this authority or face dismissal.

## INTERLOCUTORY JURISDICTION

In the clerk notice, the authority cited for grounds of a threatened dismissal was the exact same authority that affirms the jurisdiction of this appellate court; namely, *CMH Homes v. Perez*, 340 S.W.3d 444 (Tex. 2011).

**Mandamus Relief**

The appellant's interlocutory appeal is a mandamus action. The appellant declared this to the appellate court on May 5th, 2018 in two separate filings. In *CMH Homes* the Supreme Court held that the court of appeals erred in dismissing an interlocutory mandamus action for want of jurisdiction. *CMH Homes*, 340 S.W.3d at 446 and 453-454. This precedent was recognized in March 2016 by the

Fourteenth Court of Appeals of Texas. *Sintim v. Larson*, 489 S.W.3d 551, 556 (Tex.App.-Houston [14th Dist.] 2016, no pet.) (affirming that mandamus relief must be expressly requested in order to invoke appellate court jurisdiction on an interlocutory appeal); see also, *In re Estate of Aguilar*, 435 S.W.3d 831, 833-834 (Tex.App.-San Antonio 2014, no pet.).

**Abuse of Discretion**

The trial court summarily dismissed the appellant's case without giving a reason and without allowing the appellant to conduct discovery to develop critical evidence prior to dismissal. More importantly, the trial court ignored section 27.010(b) of the Texas Civil Practice and Remedies Code which excluded the appellees from protection under the Texas Anti-SLAPP law.

The appellees engage in the for-profit sale of advertising services and the defamation committed by them was done in the course of providing these services. This fact was not only in the record, but it was patently obvious. The trial court had no discretion in ignoring this legislative exclusion. The appellant was not allowed to conduct discovery before the Anti-SLAPP motion was heard; he was not allowed to examine witnesses at the hearing; and he was not allowed to cross-examine affidavits presented by the appellees.

**Judicial Economy**

This interlocutory appeal is proper and necessary. The summary dismissal

by the trial court disposed of the substance of the case without reaching the merits and this was a de facto final judgment. The only remaining issue at the trial court level is attorney fees and costs that are statutorily mandated, but this mandate only exists if the appellees prevail on appeal.

The corporate appellees are now rushing to obtain an unconscionable judgment against the appellant for attorney fees and costs at the trial court level before the appellate court can determine whether such a judgment is permitted. If this interlocutory appeal is dismissed it will lead to the waste of judicial resources and it will subject the appellant to unjust consequences.

## CLOSING STATEMENT

The Supreme Court of Texas has rightfully maintained precedent that the substance of an appellate case must not be drowned by perceived imperfections in form. *CMH Homes*, 340 S.W.3d at 453-454 (citing, *Wagner & Brown, Ltd. v. Horwood*, 53 S.W.3d 347, 351 (Tex. 2001) (rejecting an "approach [that] catapults form over substance to deny appellate review on the merits")).

The trial court abused its discretion, this warrants mandamus relief, and the appellant is entitled to interlocutory appellate review. This appellate court has jurisdiction to resolve the appellant's interlocutory appeal and the relief sought by the appellant should be granted. Alternatively, should the appellate court decide it

is without jurisdiction at the moment then the appellant requests an abatement of the appeal until it is ripe in order to save effort and expense already incurred.

Respectfully submitted by:

**Eric L. Baumgart**
Appellant pro se

PO Box 613
Nome, Texas 77629
(409) 338-1661 Telephone
eric.baumgart
    @texasinvestigations.us

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, it is certified that this document contains 633 words, as counted by word processor software, for included sections as defined under Rule 9.4(i)(1).

**Eric L. Baumgart**
Appellant pro se

## CERTIFICATE OF SERVICE

Pursuant to Rule 9.5(d) of the Texas Rules of Appellate Procedure, it is certified that on May 25th, 2018 a true copy of these papers were served on the following parties:

**Phillip Douglas Archer**
**KPRC-TV Channel 2**
**Graham Media Group, Houston, Inc**
**Graham Media Group**
**Graham Holdings Company**
c/o Attorney Thomas J. Forestier

Via:  *Email to tforestier@winstead.com*
*Email to srodriguez@winstead.com*

**Eric L. Baumgart**
Appellant pro se