

# NUMBER 13-18-00535-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JESUS RODRIGUEZ AGUERO, M.D., DECEASED

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Benavides**
**Memorandum Opinion by Justice Contreras[1]**

Relator Jesus Rodriguez Aguero, M.D., deceased, filed a petition for writ of mandamus in the above cause on September 25, 2018.  Through this original proceeding, relator seeks to compel the trial court to vacate its "Order Transferring Proceeding to a Statutory Probate Court Pursuant to Section 34.001 of the Texas Estates Code."  *See* TEX. EST. CODE ANN. § 34.001 (West, Westlaw through 2017 1st C.S.).  We deny relief.

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.  When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

*In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

Mandamus is appropriate when a probate court transfers a case to itself without statutory authority, as alleged here, on grounds that it has actively interfered with another court's jurisdiction. *In re Reliant Energy, Inc.*, 159 S.W.3d 624, 626 (Tex. 2005) (orig. proceeding) (per curiam); *In re SWEPI, L.P.*, 85 S.W.3d 800, 809 (Tex. 2002) (orig. proceeding); *In re Estate of Aguilar*, 435 S.W.3d 831, 833 (Tex. App.—San Antonio 2014, orig. proceeding); *see also In re Mares*, No. 13-15-00549-CV, 2016 WL 362783, at \*3 (Tex. App.—Corpus Christi Jan. 28, 2016, orig. proceeding) (mem. op.).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Charlotte and Bruce Philbrick, the reply, the record, and the applicable law, is of the opinion that the relator has failed to meet his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

.

DORI CONTRERAS
Justice

Delivered and filed the 26th
day of November, 2018.

2