

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00858-CV

**SOUTHCROSS CCNG TRANSMISSION, LTD.**,
Appellant

v.

Ivy **GONZALEZ** on behalf of M.R. and M.N. Gonzalez, Minor Children; Amy Gonzalez, as Co-Representative of the Estate of Jesus Gonzalez Jr. for and on behalf of M.R. Gonzalez and M.N. Gonzalez, Minor Children; and Amy Gonzalez and Jesus Gonzalez Sr.,
Appellees

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-18-82 and DC-18-83
Honorable Baldemar Garza, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: April 29, 2020

PERMISSIVE APPEAL DENIED; DISMISSED FOR WANT OF JURISDICTION

In the underlying suit, the plaintiffs sued Southcross CCNG Transmission Ltd. over a fatal workplace accident. The plaintiffs brought wrongful death claims and a survival claim on behalf of the estate. CCNG moved for summary judgment against the plaintiffs' claims based on res judicata, but the trial court denied the motion. However, the trial court granted permission for a permissive appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); TEX. R. APP. P. 28.3; *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019).

Generally, an order that does not dispose of all claims and all parties is interlocutory and is not an appealable order. *See id.* (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). The legislature has authorized interlocutory appeals in certain exceptional circumstances, *e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014, but we construe those exceptions narrowly, *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011).

Here, Petitioner CCNG seeks permission to appeal and argues res judicata is a controlling question of law, there is a substantial difference of opinion on the privity element of res judicata, and an immediate appeal will materially advance the ultimate termination of litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *Sabre Travel Int'l*, 567 S.W.3d at 731–32. The plaintiffs argue a permissive appeal is not warranted because the crucial question on privity is one of fact, not law; there is no substantial ground for difference of opinion on privity; and an immediate appeal will not materially advance the ultimate termination of litigation. *See Sabre Travel Int'l*, 567 S.W.3d at 731–32.

Having considered the petition, response, and reply, we deny the petition. *See id.* We dismiss this appeal for want of jurisdiction.

PER CURIAM