**Opinion issued March 9, 2023.**



In The

# Court of Appeals

### For The

# First District of Texas

————————————

### NO. 01-22-00753-CV

————————————

## IN THE INTEREST OF P.M. & E.M., Children

---

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-01374J**

---

### MEMORANDUM OPINION

Appellants M.M. and J.M. seek to appeal the September 26, 2022 decree terminating their parental rights to their child, P.M. M.M. also seeks to appeal the same decree terminating her parental rights to another child, E.M. On February 8, 2023, the Department of Family & Protective Services ("Department") filed a

motion to abate or dismiss M.M.'s and J.M.'s appeals for want of jurisdiction because the decree is not a final judgment or appealable interlocutory order.

We grant the Department's motion in part and dismiss M.M.'s and J.M.'s appeals for lack of jurisdiction.

On September 1, 2021, the Department filed suit against (1) M.M. (the mother of P.M. and E.M.), (2) J.M. (the alleged father of P.M.), (3) A.D. (the alleged father of E.M.) and (4) an unknown father. On September 26, 2022, the trial court entered the Decree of Termination ("Decree") (1) terminating M.M.'s parental rights to P.M. and E.M., (2) finding J.M. was P.M.'s father, (3) terminating J.M.'s parental rights to P.M., and (4) appointing the Department as P.M.'s and E.M.'s sole managing conservator. The trial court did not make a finding of paternity with respect to E.M.'s alleged father, A.D.: "The court makes no findings as to [A.D.]." M.M. and J.M. filed notices of appeal challenging the Decree.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014. A judgment is final for purposes of appeal if it disposes of all pending claims and parties in a case or "states with unmistakable clarity that it is a final judgment as to all claims and all parties." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). An interlocutory parental

2

termination decree is not an appealable order. *See In re E.S.T.*, No. 01-21-00088-CV, 2021 WL 3669629, at *1 (Tex. App.—Houston [1st Dist.] Aug. 18, 2021, no pet.) (mem. op.) ("This Court does not have jurisdiction over interlocutory appeals of parental termination decrees.").

On February 9, 2023, the Clerk of this Court notified M.M. and J.M. that there does not appear to be a final, appealable order in this case and directed M.M. and J.M. to file a written response demonstrating, with citation to law and the record, that the Court had jurisdiction over their appeals. *See* TEX. R. APP. P. 42.3(a) (allowing appellate court to dismiss case for want of jurisdiction after giving ten days' notice to parties). More than ten days have passed, and no party has filed a response to the notice or the Department's motion. *See id.*

The Decree, which states that "all relief requested in this case and not expressly granted is denied," also contains other language typically included in final termination decrees and other final judgments, including provisions about the conclusion of court-ordered appointments, and a warning about the parties' rights to appeal. The Decree, however, does not contain "final" in its title and perhaps more importantly, it expressly declines to make any findings with respect to one of the parties, A.D. As the Department states in its motion to dismiss, the Decree's "express provision" declining to make any findings with respect to A.D. indicates "the court's intent was to neither grant nor deny relief requested by the Department

as to A.D. and thus expresse[s] an intent not to render a final judgment as to all claims in the Department's suit." The Decree also expressly recognizes that A.D. was entitled to service of citation, and he had not been served: "All persons entitled to citation were properly cited or filed a duly executed waiver of citation herein *except* for Respondent [A.D.]" (emphasis added). Thus, the Decree does not appear to dispose of the Department's claims against A.D. or state with "unmistakable clarity" that the Decree is final. *See Lehmann*, 39 S.W.3d at 192–93 (stating judgment is final for purposes of appeal if it disposes of all pending claims and parties in case or "states with unmistakable clarity that it is a final judgment as to all claims and all parties"); *see also Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) ("Although no 'magic language' is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable.").

We conclude that the Decree neither "actually disposes" of all parties and all claims nor does it state with "unmistakable clarity" that it is intended to be a final judgment as to all parties and all claims. *See Lehmann*, 39 S.W.3d at 192–93. The Department's claim against A.D. remains pending in the trial court. Thus, we hold that the Decree is not final and appealable, and an interlocutory appeal of the order is not authorized by statute. *See id.*; *In re E.S.T.*, 2021 WL 3669629, at *1 (dismissing appeal of parental termination decree for want of jurisdiction when

4

decree did not dispose of all parties and issues); *see also In re L.L.F.*, No. 02–11–00154–CV, 2011 WL 4008119, at *1 (Tex. App.—Fort Worth Sept. 8, 2011, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction when trial court's order terminated mother's parental rights to her four children, terminated father's rights to two of those children, but did not terminate parental rights of alleged biological father to the other two children).

Although we have the authority to abate the appeals to allow the trial court to render a final appealable judgment in this case or for the parties to seek a severance, we decline to do so. *See In re M.H.*, No. 08-15-00091-CV, 2015 WL 3646655, at *1 (Tex. App.—El Paso June 12, 2015, no pet.) (mem. op.) (declining to abate appeal and dismissing appeal for want of jurisdiction when there was no final judgment). Appellate courts are required to dispose of appeals from final decrees terminating parental rights within 180 days after the notice of appeal is filed. *See* TEX. R. JUD. ADMIN. 6.2(a). "The entry of an abatement order does not toll that deadline." *In re M.H.*, 2015 WL 3646655, at *1. Under the circumstances, we have determined that it is appropriate to dismiss the appeals for lack of jurisdiction. The dismissal is without prejudice to the filing of a new appeal after the trial court signs a final judgment or severance rendering the judgment final. Upon motion filed by any party, the Court will transfer the record filed in this case to the new appellate cause number.

5

Thus, we deny the motion to abate and we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.