**AFFIRM; and Opinion Filed May 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00871-CV

### ERIC DRAKE, Appellant

### V.

### QUILLING, SELANDER, LOWNDS, WINSLETT, MOSER; MATTHEW KITA; MARCIE SCHOUT; AND WILLIAM LEWIS, Appellees

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 13-01062**

## MEMORANDUM OPINION
Before Justices Brown, Stoddart, and O'Neill[1]
Opinion by Justice O'Neill

This is an appeal from the trial court's interlocutory order granting a motion to dismiss certain claims brought by Eric Drake against Quilling, Selander, Lownds, Winslett, Moser; Matthew Kita; Marcie Schout; and William Lewis (collectively, "Quilling"). These claims stemmed from Quilling's legal representation of certain clients previously sued by Drake. Asserting Drake's claims were based on its exercise of the "right to petition," Quilling filed the motion to dismiss pursuant to chapter 27 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b) (West 2015).

---

[1] The Honorable Michael J. O'Neill, Justice of the Court of Appeals for the Fifth District of Texas—Dallas, Retired, sitting by assignment.

Enacted to encourage and safeguard the constitutional rights of persons to petition, speak and associate freely, and otherwise participate legally in government, chapter 27 provides for the early dismissal of lawsuits that threaten these rights. *Id.* §§ 27.002, 27.003. It also provides an exception to the general rule that interlocutory orders are not immediately appealable by authorizing an appeal from a trial court's interlocutory order on a motion to dismiss. *See id.* § 27.008; *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011).

Although Drake appeals from the order granting Quilling's motion to dismiss, the two issues he raises in his brief concern certain actions taken by the trial court after the order was signed. Specifically, he complains of the trial court's transfer of the remaining claims to another district court without first disposing of a motion to recuse he filed following Quilling's dismissal. He also complains of the transferee court's failure to dispose of the recusal motion. These issues, however, are outside the limited scope of this appeal. Statutes authorizing interlocutory appeals are strictly construed, and an appellate court's jurisdiction over an interlocutory appeal is limited to that provided by statute. *Rusk v. State*, 392 S.W.3d 88, 101 (Tex. 2012) (Hecht, J., concurring); *CMH Homes*, 340 S.W.3d at 447; *Art Inst. of Chicago v. Integral Hedging, L.P.*, 129 S.W.3d 564, 570 n.8 (Tex. App.—Dallas 2003, no pet.). Because our jurisdiction over this appeal is conferred by civil practice and remedies code chapter 27, our review is limited to issues arising from the order on Quilling's motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008. Accordingly, we do not consider Drake's issues.

We affirm the trial court's dismissal order.


/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
130871F.P05                              JUSTICE, ASSIGNED

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERIC DRAKE, Appellant

No. 05-13-00871-CV          V.

QUILLING, SELANDER, LOWNDS,
WINSLETT, MOSER; MATTHEW KITA;
MARCIE SCHOUT; AND WILLIAM
LEWIS, Appellees

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 13-01062.
Opinion delivered by Justice O'Neill.
Justices Brown and Stoddart participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment.

We **ORDER** that appellees Quilling, Selander, Lownds, Winslett, Moser; Matthew Kita; Marci Schout; and William Lewis recover their costs of this appeal from appellant Eric Drake.

Judgment entered this 8th day of May, 2015.