ACCEPTED
03-15-00422-CV
6850555
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/9/2015 3:18:35 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00422-CV

IN THE

THIRD COURT OF APPEALS

AT AUSTIN, TEXAS

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/9/2015 3:18:35 PM
JEFFREY D. KYLE
Clerk

Shakeel Mustafa,
Appellant

v.

Felix Rippy,
Appellee

FILED
September 10, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

Appealed from Cause No. 15-0708-CC4 in the
County Court at Law Number Four, Williamson County, Texas

Appellant's Motion for Rehearing

APPELLANT REQUESTS ORAL ARGUMENT

Christopher D. Osborn
State Bar No. 24037221
Osborn Law Firm, P.C.
1019 Cecelia St.
Taylor, Texas 76574
512-275-6593
512-309-5317 fax
chris@osbornpc.com

Attorney for Appellant

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . 2

INDEX OF AUTHORITIES . . . . . . . . 2

ISSUES PRESENTED FOR REVIEW . . . . . . 4

STATEMENT OF FACTS . . . . . . . . 4

ARGUMENT . . . . . . . . . . 6

Issue One. This court has jurisdiction to consider the interlocutory appeal of Appellant related to the denial of his motion to compel arbitration pursuant to the AAA Consumer Arbitration Rules.

PRAYER . . . . . . . . . . . 10

CERTIFICATE OF SERVICE . . . . . . . . 11

APPENDIX . . . . . . . . . . 12

# INDEX OF AUTHORITIES

Federal Code:

9 U.S.C. § 16 . . . . . . . . . 3, 4

Texas Statutes:

TEX. CIV. PRAC. & REM. CODE § 51.016. . . . . 3, 4

TEX. CIV. PRAC. & REM. CODE § 154.027 . . . . 4

Texas Case Law:

*CMH Homes v. Perez*, 340 S.W.3d 448 (2011) . . . . 4

*Little v. Tex. Dep't of Crim. Justice*, 148 S.W.3d 374 (Tex.2004) . 4

## ISSUES PRESENTED FOR REVIEW

<u>Issue One</u>. This court has jurisdiction to consider the interlocutory appeal of Appellant related to his motion to compel arbitration pursuant to the AAA Consumer Arbitration Rules.

## STATEMENT OF FACTS

Rippy filed a collection lawsuit against Mustafa, a former client of Rippy. Rippy's original petition requested Mustafa be jailed for 180 days, fined up to $500, and confined in the county jail until Mustafa paid the alleged debt. Each party submitted motions to compel arbitration, with the difference being that Mustafa requested the AAA Consumer Arbitration Rules be applied. The Honorable John McMaster granted Rippy's motion to compel arbitration and denied Mustafa's motion. Mustafa's subsequent motion to stay the case pending arbitration was granted, and the Honorable Gary Harger was appointed arbitrator with authority to decide all questions of law and fact.

## ARGUMENTS AND AUTHORITIES

Section 51.016 of the Texas Civil Practice and Remedies Code provides that a party may appeal a judgment or interlocutory order "under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." TEX. CIV. PRAC. & REM. CODE § 51.016. Section 16 of the FAA provides that "(a) An appeal may be taken from (1) an order (A) refusing a

stay of any action under section 3 of this title, (B) denying a petition under section 4 of this title to order arbitration to proceed, (C) denying an application under section 206 of this title to compel arbitration . . . ." 9 U.S.C. § 16.

Civil Practice and Remedies Code section 51.016 expressly adopts federal law. Thus, an interlocutory appeal is permitted only if it would be permitted under the same circumstances in federal court under section 16. CMH Homes v. Perez, 340 S.W.3d 448-9 (2011) (*citing Little v. Tex. Dep't of Crim. Justice*, 148 S.W.3d 374, 381-82 (Tex.2004) (examining federal law when interpreting state statute that incorporated federal statute)).

In this case, Appellant is not contesting the existence of an arbitral agreement. To the contrary, Appellant is appealing the denial of his motion to compel mediation then arbitration pursuant to the agreement and AAA Consumer Arbitration Rules. The agreement between the parties provides "THE PARTIES AGREE TO MEDIATE ALL SUCH DISPUTES PRIOR TO ARBITRATION." (emphasis in original). Appellant's motion to the trial court requested mediation and arbitration be initiated following the AAA Consumer Arbitration Rules, pursuant to the Federal Arbitration Act (9 U.S.C. sec 1 et seq.) and/or pursuant to Texas Civil Practice & Remedies Code section 154.027.

The denial of Appellant's motion to compel arbitration constitutes an order from which an interlocutory appeal is authorized under the FAA. 9 U.S.C. § 16.

Thus, Appellant requests this court reconsider its ruling that it does not have jurisdiction to hear this interlocutory appeal. Therefore, Appellant requests the opportunity to fully address this issue through argument to this Court.

## PRAYER

For the reasons stated in this motion, Appellant asks the Court to grant this motion for rehearing, withdraw its opinion, recognize it has jurisdiction, and allow Appellant to fully brief this issue.

Respectfully submitted,

*/s/ Chris Osborn*
Christopher Osborn
State Bar No. 24037221

Osborn Law Firm, P.C.
1019 Cecelia St.
Taylor, TX 76574
512-275-6593
512-309-5317
chris@osbornpc.com

Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

In accordance with the Texas Rules of Appellate Procedure 9.4, the undersigned attorney of record certifies that this brief contains 14-point typeface for the body of the document, 12-point typeface for footnotes in the brief, and contains 510 words as indicated by the word count software, excluding those words identified as exempt from the word count under the rule and was prepared on Microsoft Word.

*/s/ Chris Osborn*
Christopher Osborn

## CERTIFICATE OF SERVICE

I certify that a copy of Appellant's Brief was served on Appellee, Felix Rippy, via electronic mail before 5:00 p.m. this 9th day of September, 2015.

*/s/ Chris Osborn*
Christopher Osborn

## CERTIFICATE OF CONFERENCE

I certify that I contacted Appellee, Felix Rippy, via electronic mail to felixrippy@aol.com on September 9, 2015, and he is opposed to this motion.

*/s/ Chris Osborn*
Christopher Osborn

# **APPENDIX**

EXHIBIT 1 – APPELLANT'S MOTION TO COMPEL ARBITRATION PURSUANT TO THE AAA CONSUMER ARBITRATION RULES

(Exhibit 1 includes the arbitration agreement as an attachment)

Cause No. 15-0708-CC4

| FELIX RIPPY, | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| v. | § | AT LAW NUMBER 4 |
| | § | |
| SHAKEEL MUSTAFA, | § | |
| Defendant | § | WILLIAMSON COUNTY, TEXAS |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S ASSSIGNMENT, AND
DEFENDANT'S MOTION TO COMPEL MEDIATION THEN ARBITRATION PURSUANT TO AAA
CONSUMER ARBITRATION RULES AND IN THE ALTERNATIVE MOTION TO DISMISS**

1.      Shakeel Mustafa, Defendant, asks the Court to refer the dispute between Rippy &

Taylor, P.C. and Shakeel Mustafa, Individually, to alternative dispute resolution (ADR) under

the authority of Texas Civil Practice & Remedies Code and pursuant to the Federal

Arbitration Act.   Defendant alternatively requests that Plaintiff's petition be dismissed for

failure to cure defects noted in Defendant's Special Exceptions and due to the defective

purported assignment.

**INTRODUCTION**

2.      Plaintiff, Felix Rippy, Individually, filed suit against Shakeel Mustafa. The attorney-

client agreement attached to Plaintiff's Original Petition is between Rippy and Taylor, P.C.

and Mr. Mustafa.  After Defendant filed special exceptions objecting to the case filed on behalf

of Felix Rippy, Individually, and after this Court's order allowing Plaintiff to re-plead on June

12, 2015, the style of this case remains filed on behalf of Felix Rippy, Individually.  Plaintiff

failed to cure the defects, instead alleging that all claims have been assigned to him,

individually.

**OBJECTION TO PURPORTED ASSIGNMENT**

3.      Defendant objects to Plaintiff's purported assignment of the underlying contract from the professional corporation to himself, individually.  The underlying contract, which is attached hereto and incorporated herein as Exhibit "1" provides in paragraph five that "[a] referral to an attorney outside the firm may require a separate contract with that attorney <u>and will not be done without Client's consent</u>." (emphasis added).   Thus, the purported assignment here is improper because the agreement specifies that if it is to be sent "outside the firm [Rippy & Taylor, P.C.]," it requires "the Client's consent."

4.      Assignments should be permitted or prohibited based on the likely effect on society, and in particular, on the legal system. Employing a public policy analysis, the majority of courts in this country have concluded that at least some claims arising out of the attorney-client relationship are not assignable. *Vinson & Elkins v. Moran*, 946 SW 2d 381 (Tex.App. Houston [14th Dist.] 1997) (analyzing malpractice claims).

**PLAINTIFF'S REQUEST FOR CONTEMPT FINDINGS SHOULD BE DISMISSED**

5.      Plaintiff mistakenly claims that the final decree of divorce between Mr. Mustafa and his ex-wife constitutes a secured judgment in the amount of $17,500 against Mr. Mustafa, individually.  However, due process requires this issue to be adjudicated before it should be treated as a violation of any court order.  The phrase relied on by Plaintiff is found in the underlying divorce decree requiring each litigant pay their own attorney's fees, but this does not equal language  that supports a finding of contempt.  The Texas Supreme Court analyzed this issue in *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex.1995): "A court order is insufficient to support a judgment of contempt only if its interpretation requires inferences or conclusions about which reasonable persons might differ." *MacCallum*, 807 S.W.2d at 730.

The existence of reasonable alternative constructions of a court order will prevent enforcement of the order. *See, e.g., Ex parte Crawford*, 684 S.W.2d 124 (Tex.App.Houston [14th Dist.] 1984, orig. proceeding) (holding an obligor in contempt who knew with certainty he was to pay one of two amounts of child support but ignored the order altogether). Here, there was no order to pay a specific amount. In fact, Defendant will testify that no invoice was ever received by him and that this suit is in retaliation for filing a grievance with the State Bar of Texas.

**PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO CURE DEFECT OF PARTIES**

6.      Plaintiff has not cured the defects noted in Plaintiff's special exceptions and there remains a defect in the parties. Plaintiff's claim should be dismissed in its entirety without prejudice.

**MOTION TO COMPEL MEDIATION THEN ARBITRATION WITH AAA CONSUMER ARBITRATION RULES**

7.      In the event the Court does not dismiss this suit, Defendant requests that the Court order that Plaintiff follow the terms of the agreement requiring mediation. Defendant requests that the Court order mediation pursuant to the agreement that provides "THE PARTIES AGREE TO MEDIATE ALL SUCH DISPUTES PRIOR TO ARBITRATION." (emphasis in original). Defendant requests the Court order mediation pursuant to Texas Civil Practice & Remedies Code section 154.023.

8.      If mediation does not resolve the dispute, Plaintiff asks this Court to order binding arbitration between Rippy and Taylor, P.C. and Defendant, following the AAA Consumer Arbitration Rules, pursuant to the Federal Arbitration Act (9 U.S.C. sec 1 et seq.) and/or pursuant to Texas Civil Practice & Remedies Code section 154.027.

9.  This case is appropriate for referral to ADR because there is a binding arbitration agreement between Defendant and Rippy and Taylor, P.C.

## ADDITIONAL SPECIAL EXCEPTIONS

10.  Defendant specially excepts to Plaintiff's claim that "Felix Rippy ... has individual claims against Shakeel Mustafa, as well" in that there is not specificity as to the basis of these purported claims that Plaintiff contends exist in addition to the contractual claims of Rippy and Taylor, P.C.  If there are indeed other facts or causes of action that will be asserted, the question of whether those claims are arbitrable will require a separate inquiry because there is no arbitration agreement between Felix Rippy, Individually, and Defendant.

## CONCLUSION

For these reasons, Defendant asks the Court to dismiss this suit or render judgment that plaintiff take nothing, assess costs and fees against plaintiff, and award all other relief to which defendant is entitled.  Defendant asks the Court to strike the defective portions of Plaintiff's pleading.  Alternatively, Defendant asks this Court to compel mediation followed by binding arbitration, if necessary, between Rippy and Taylor, P.C. and Defendant, following the AAA Consumer Arbitration Rules.

RESPECTFULLY SUBMITTED,

OSBORN LAW FIRM, P.C.

By: */s Chris Osborn*
Christopher D. Osborn
State Bar No. 24037221
1019 Cecelia Street
Taylor, Texas 76574
512-275-6593
512-309-5317 fax
chris@osbornpc.com

## <u>CERTIFICATE OF SERVICE</u>

  I certify that a true and correct copy of the above and foregoing document has been served on each attorney of record or party in accordance with the Texas Rule of Civil Procedure 21a on this 19th day of June 2015.

*/s/Chris Osborn*

Christopher D. Osborn

Felix Rippy
3000 Joe DiMaggio, Ste. 3
Round Rock, TX 78665
512-310-9500
512-310-2580 fax

❐ hand-delivery

x❐ telecopy

❐ first class mail

❐ certified mail, return receipt requested

# ATTORNEY/CLIENT ENGAGEMENT AGREEMENT
(Hourly Basis)

1. THIS ENGAGEMENT AGREEMENT ("Agreement") is made this _16_ day of _August_, 2014 at Round Rock, Texas by and between _Shakeel Mustafa_, "Client", and Rippy & Taylor, PC "Attorney."

2. Client, in consideration of services to be rendered by Attorney to Client, retains Attorney to represent him/her as attorney in connection with _Substitute in for Mr. Jarvis in 11-0061-FC1_ _and get discovery status + Susan Wolf - Keiko Griffin's partner_ ⟵ _Expanded_ _change of custody if_ It is understood and agreed by the parties that Attorney's representation ends upon the entry of a final order _Sean Faus_ disposing of the Client's case and does not include the filing of any post-trial motions or appeals. _100-mile language_ _$750 - 500 + 250 on arrears_ ⟶ _sanctions - arrears_

3. If, in the future, Client desires Attorney to represent Client in any other matter, that will be the subject of additional discussions and an additional engagement agreement. Attorney's fee will include only services in connection with the matter listed in Paragraph 2 above.

**Client and Attorney agree:**

4. Attorney will devote his professional abilities to the matter, strive to keep Client informed of significant developments in this case and be reasonably available to answer inquiries. Client agrees to fully cooperate with Attorney, including but not limited to keeping Attorney advised of all developments related to this matter, informing Attorney promptly of any change in Client's address or telephone number, and promptly responding to Attorney's inquiries. Where applicable, neither Attorney nor Client will settle the case without the other's written approval.

5. Client empowers Attorney to take all steps in said matter deemed by Attorney to be advisable. Client understands and agrees that Attorney will, to the extent Attorney believes it to be reasonable, cooperate with any opposing attorney concerning settings for trial or hearing, scheduling depositions or meetings, and whether to request or agree to continuances or delays. The undersigned attorney may deem it advisable to refer Client's case to another attorney within the firm of Rippy & Taylor, PC, or to an attorney outside the firm. A referral to an attorney outside the firm may require a separate contract with that attorney and will not be done without Client's consent.

6. Client agrees to compensate Attorney for his services at the rate of $ _300_ per hour for the time which is devoted to Client's case with a minimum fee of $ _3500 credit_ which shall be considered earned at the time Attorney commences work on Client's case. Where applicable, this minimum fee is intended to compensate Attorney for the preparation and filing of initial pleadings, for allocating the time and resources of Attorney and the staff of the law firm to Client's case, for the nature and complexity of Client's case and the experience of the Attorney handling the matter and to compensate Attorney for the potentiality that, by accepting this employment, Attorney may also be precluded from accepting other employment. From time to time it may be necessary for other members of the law firm to assist in the Client's matter, and Client agrees to compensate Attorney for these services at the following rates:

_* SEO optimization and "Felixrippyprice.com" and get reviews on YELP and AVVO reviews_

| Partner attorney: | $300/hr |
|---|---|
| Legal assistant | $ 75/hr |

Client agrees to pay to Attorney all costs and disbursements incurred in said matter. For the following expenses, and no others, Attorney will charge a per case flat fee of $25.00: (1) long distance telephone charges; (2) in-office photocopy expenses; (3) first class postage (not certified or priority mail); and (4) facsimile charges. All other expenses will be billed to Client in the actual amount incurred.

7.      Client will pay Attorney the sum of $ _IT 35 gofree_ as a retainer at the time of execution of this Agreement. Attorney will not take any action until the retainer is received. The retainer will be deposited in Attorney's trust account, and Attorney will draw against those funds to satisfy Attorney's monthly statements, copies of which will be sent to Client for Client's information. Upon depletion of the retainer, the Client agrees to deposit an additional retainer in an amount at least equal to the original retainer into Attorney's trust account. If an additional retainer fee is required, Client agrees to pay the amount required within ten (10) days of Attorney's request. Any funds remaining in the trust account at the end of the representation will be returned to Client at the time of the next billing period following termination of representation. **This retainer fee is not necessarily the total cost for the services of the Attorney. The total cost of legal services may exceed the retainer fee amount.**

8.      Client has the right to cancel this Agreement and terminate Attorney's representation at any time by written notice to Attorney. Client understands that Attorney has the right to cancel this Agreement and withdraw from representing Client if any of Attorney's invoices are not paid by Client within 30 days of the date that Attorney sends them to Client; if Client fails to deposit additional retainer funds as required by Paragraph 7; if the Client determines not to follow the Attorney's advice; fails to communicate with the Attorney; or if Attorney concludes for any other reason that Attorney is unable to represent Client. Attorney will provide written notice in the event that Attorney decides to withdraw from representation.

9.      In the event any legal action is taken to enforce this Agreement, Client consents to jurisdiction of the state of Texas and venue in Williamson County, Texas, and to all disagreements' being arbitrated pursuant to AAA arbitration rules. **CLIENT AND ATTORNEY AGREE THAT ALL DISPUTES ARISING OUT OF ATTORNEY'S REPRESENTATION OF CLIENT OR FEES CHARGED TO CLIENT SHALL BE ARBITRATED IN A BINDING ARBITRATION BEFORE AN ARBITRATOR IN WILLIAMSON COUNTY, TEXAS. UNLESS AN ARBITRATOR IS AGREED UPON BY THE PARTIES, THE ARBITRATOR SHALL BE APPOINTED BY THE JUDGE OF A COURT OF RECORD SITTING IN WILLIAMSON COUNTY, TEXAS. PRIOR TO ARBITRATION, CLIENT AGREES TO SUBMIT ANY COMPLAINTS REGARDING ATTORNEY'S REPRESENTATION OR DISPUTES REGARDING ATTORNEY'S FEES TO ATTORNEY IN WRITING. THE PARTIES AGREE TO MEDIATE ALL SUCH DISPUTES PRIOR TO ARBITRATION.**

There are advantages and disadvantages to arbitration as compared to a judicial resolution of disputes: 1) the cost and time of an arbitration is frequently less than that associated with a lawsuit; 2) the level of discovery may be reduced; 3) the rules of evidence may be relaxed; 4) the level of privacy in the arbitration process is greater than that found in courts; 5) significant rights are waived in an arbitration, including the right to a jury trial and the right to a judicial appeal because arbitration decisions can be challenged only on limited grounds. Arbitrators may allocate costs or fees in an arbitration as well as awarding monetary relief to a party.

10. Client and Attorney agree that this Agreement is the entire agreement between them regarding the matters set forth herein and supercedes any prior oral or written discussions or agreements between them. This Agreement can only be amended by a subsequent written document signed by both Client and Attorney.

## FAVORABLE OUTCOME NOT GUARANTEED

11. Each case is different. Client understands that Attorney has made no representation concerning the successful termination of the claim or claims relating to the matter in controversy or the favorable outcome of any legal action that is or may be filed.

DATED: 08/16/2014

Rippy & Taylor, PC

SHAKEEL MUSTAFA By: _____
CLIENT                                    ATTORNEY

1800 Plateas Vista Ave #1020 3
Street Address

Rock Round, TX 78664
City, State, Zip

650-319-8188
Cell Number

Sxm6719@gmail.com
Email Address

G:\FOR\forms\Fee Agreements\9-4-12 fee agreement.wpd

# OSBORN LAW FIRM, P.C.

www.OsbornPC.com
1019 Cecelia Street, Taylor, Texas 76574
512-275-6593 | 512-309-5317 fax

_____

Christopher D. Osborn, Esq.
chris@osbornpc.com

VIA ELECTRONIC FILING

September 8, 2015

Jeffrey D. Kyle
Clerk of the Court
Third Court of Appeals
P.O. Box 12547
Austin, TX 78711

    Re:    Notice of Appearance | Case No. 03-15-00422-CV | Mustafa v. Rippy

Dear Mr. Kyle:

This letter is notice of appearance that I have been retained to represent Appellant, Shakeel Mustafa, related to this appeal.

    Very truly yours,

    */s/ Chris Osborn*
    Christopher D. Osborn

