**Opinion issued December 22, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00538-CV

————————————

**SARAH ROBERTSON SMITH, Appellant**

**V.**

**TRAVIS ROBERTSON, Appellee**

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 67362**

---

## MEMORANDUM OPINION

Appellant Sarah Robertson Smith filed her notice of appeal challenging the Honorable K. Randall Hufstetler's refusal to sign an "Order in Suit to Modify Parent Child Relationship."

This Court generally has jurisdiction only over appeals from final orders or judgments unless a statute authorizes an interlocutory appeal. *See* TEX. FAM. CODE ANN. § 109.002(b) (West 2014) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *see also CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over appeals from final judgments."). On September 29, 2015, we notified appellant that we may not have jurisdiction over her direct appeal because the appellate record does not include a final order or judgment or otherwise reflect that a judgment has been rendered in this case. We informed appellant that her direct appeal would be dismissed for want of jurisdiction unless she filed a response demonstrating that this Court has jurisdiction over this appeal or a supplemental clerk's record containing documents showing a final judgment or otherwise appealable order. No supplemental clerk's record has been filed and appellant's response does not demonstrate that this Court has jurisdiction over her direct appeal. *See* TEX. R. APP. P. 42.3(c).

Accordingly, we dismiss this direct appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). *But cf.* TEX. GOV'T CODE ANN. § 22.221 (granting appellate courts jurisdiction to issue writs of mandamus against district court judges); *In re Lee*, 411 S.W.3d 445, 450 n.7 (Tex. 2013) (orig. proceeding) (recognizing that mandamus relief is available to remedy trial court's erroneous

refusal to enter judgment on mediated settlement agreement). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Huddle, and Lloyd.