**Opinion issued July 7, 2016**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-15-00702-CV

———————————

**WALTER FRANCISCO SALINAS, Appellant**

**V.**

**PATRICIA ANN MELTON, Appellee**

---

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-09626**

---

## MEMORANDUM OPINION

Appellant, Walter Francisco Salinas, proceeding *pro se*, attempts to appeal from the trial court's temporary order, signed on August 13, 2015, on a petition to modify the parent-child relationship in the underlying suit affecting the parent-child relationship ("SAPCR"). While this appeal was still pending, appellant filed a second *pro se* notice of appeal on February 8, 2016, in the trial court, purportedly from an

order to be signed on or about February 9, 2016, modifying visitation. This second notice of appeal was assigned to the pending appellate cause number 01–15–00702–CV. We dismiss this appeal for lack of jurisdiction.

Generally, this Court has jurisdiction over appeals only from final orders arising under the Texas Family Code unless a statute authorizes an interlocutory appeal. *See* TEX. FAM. CODE ANN. § 109.002(b) (West Supp. 2015) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *see also CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over appeals from final judgments.").

In a SAPCR, the trial "court may make a temporary order, including the modification of a prior temporary order, for the safety and welfare of the child, including an order: (1) for the temporary conservatorship of the child;" but any such "[t]emporary orders rendered under this section are not subject to interlocutory appeal." TEX. FAM. CODE ANN. § 105.001(a)(1), (e) (West Supp. 2015); *see also In re Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007) (orig. proceeding) (noting that mandamus was appropriate in SAPCR because "trial court's issuance of temporary orders [was] not subject to interlocutory appeal") (citations omitted).

Here, after reviewing the notices of appeal, the clerk's record, and the supplemental clerk's record filed in this Court, there are no final or appealable

orders. Although the trial court signed "Temporary Orders on Petition to Modify Parent-Child Relationship" on August 13, 2015, regarding temporary modification of possession and access to the minor child, A.M.S., that is a temporary order which is not appealable via interlocutory appeal. *See* TEX. FAM. CODE ANN. § 105.001(a)(1), (e). Thus, we lack jurisdiction over this appeal because the clerk's records do not include or refer to any final orders signed on or about February 8, 2016, or reflect that any other appealable order has been rendered in the underlying SAPCR. *See, e.g.*, *W.F.S. v. Tex. Dep't of Family & Protective Servs.*, No. 01–15–00689–CV, No. 01–15–01028–CV, 2016 WL 828171, at \*1–2 (Tex. App.—Houston [1st Dist.] Mar. 3, 2016, no pet.) (dismissing for want of jurisdiction appeals of temporary orders in SAPCR because records did not include final order) (citations omitted).

On June 21, 2016, the Clerk of this Court notified appellant that his appeal was subject to dismissal for want of jurisdiction unless he timely responded and showed how this Court had jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a), (c). Appellant failed to file a timely response.

## CONCLUSION

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c); 43.2(f). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Keyes, Brown, and Huddle.

3