**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION

Appellate case name:      DMW, LLC Do's Vision Investment, LLC and Do Van Nguyen and Maria Ngo v. Dimensional Machine Works, LLC

Appellate case number:    01-16-00757-CV

Trial court case number:  2016-47447

Trial court:              151st District Court of Harris County

On September 21, 2016, the appellants, DMW, LLC Do's Vision Investment, LLC and Do Van Nguyen and Maria Ngo, attempted to file a notice of appeal from the interlocutory order granting motion to compel, signed by the trial court on September 20, 2016. On September 29, 2016, appellants filed a motion "to include unfiled documents in the Clerk's Record on Appeal" in this Court requesting leave to file discovery documents exchanged between counsel relevant to this appeal, such as notices of deposition and responses to Rule 194 requests for disclosure.

On September 30, 2016, the appellee, Dimensional Machine Works, LLC ("Dimensional"), filed a motion to dismiss this appeal for want of jurisdiction because there is no statutory basis for this interlocutory appeal of the order granting the motion to compel. Alternatively, because appellants state that their "notice of appeal (Tex.R.App.P. 25.1) by WRIT OF MANDAMUS," if appellants requests conversion of this appeal to an original proceeding and this Court grants that request, Dimensional seeks an order requiring appellants to comply with Rule 52.

Although the reporter's record has been filed, the clerk's record has yet to be filed in this Court. Thus, after a preliminary review of the trial court's order granting Dimensional's motion to compel, which is attached to the notice of appeal, this Court notifies appellants that their appeal may be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellants appear to be attempting to appeal from a non-appealable interlocutory order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

This Court generally has jurisdiction over appeals from final judgments and interlocutory orders authorized by statute as appealable. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)-(13) (West Supp. 2016); *see also CMH Homes v. Perez*, 340 S.W.3d 444, 447-48 (Tex. 2011) ("Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over appeals from final judgments."); *Lehmann*, 39 S.W.3d at 200. The trial court's September 20, 2016 order granting Dimensional's motion to compel, which requires, among other things, appellants to produce all documents withheld on any privilege log involving Maria Ngo, appears to be a non-appealable interlocutory order because it does not dispose of all parties and claims, making it final, and it does not fall under any of the categories of orders that are authorized as appealable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1)-(13); *see also Lehmann*, 39 S.W.3d at 200.

Accordingly, appellants' motion "to include unfiled documents in the Clerk's Record on Appeal" is **DENIED**. Also, unless appellants file a response to this notice/appellees' motion providing a detailed explanation, citing relevant portions of the record, statutes, rules, or case law to show that this Court has jurisdiction over the notice of appeal, the Court **may dismiss this appeal for lack of jurisdiction** without further notice. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f).

In addition, although appellants stated in their notice of appeal that this was an appeal "by WRIT OF MANDAMUS," their notice of appeal does not comply with the mandamus petition requirements of Rule 52. *See* TEX. R. APP. P. 52.1, 52.3. Thus, to the extent appellants intended that their notice of appeal be construed as a mandamus petition, appellants' counsel is directed to file a motion with the Clerk of this Court **within 10 days** of the date of the Order to designate this appeal as an original proceeding and requesting an extension of time to file a mandamus petition and record that comply with Rule 52. *See* TEX. R. APP. P. 52.1, 52.3, 52.7(a); *see also CMH Homes*, 340 S.W.3d at 453–54 (treating appeal as mandamus petition "because the appellant specifically requested mandamus relief" in the alternative). Any response/motion must be filed **within 10 days of the date of this notice or this Court may dismiss this appeal**. *See* TEX. R. APP. P. 42.3(a), (c).

It is so ORDERED.

Judge's signature:   /s/ Laura Carter Higley
                  ☒  Acting individually

Date: October 6, 2016