**Opinion issued May 17, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-19-00843-CV

———————————————

## CLIFF CARLTON RICE, Appellant

## V.

## BRYAN COLLIER, LEONARD ECHESSA, MICHAEL BUTCHER, RICHARD BABCOCK, AND RONALD GIVENS, Appellees

---

### On Appeal from the 412th Judicial District Court
### Brazoria County, Texas
### Trial Court Case No. 91507-I

---

## MEMORANDUM OPINION

Appellant Cliff Carlton Rice, an inmate in the Texas Department of Criminal Justice ("TDCJ") Ramsey I Unit, appeals from the purported dismissal of his claims against current or former prison officials. In his original petition, Rice sought declaratory and injunctive relief against four prison officials—Bryan Collier,

Michael Butcher, Leonard Echessa, and Richard Babcock—alleging they were violating the terms of a memorandum agreement entered in previous federal litigation concerning the Ramsey I Unit.[1] Two defendants—Collier and Butcher—answered and moved to dismiss the claims against them as frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §§ 14.001–.014 (Inmate Litigation). The trial court granted Collier's and Butcher's motions, noting by handwritten notation that the dismissal orders were interlocutory because other defendants remained in the case.

Rice then filed an amended petition naming Ronald Givens as a defendant. Echessa and Babcock were no longer named as defendants in the amended petition. *See Randolph v. Jackson Walker, L.L.P.*, 29 S.W.3d 271, 274 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("When a party's name is omitted from an amended pleading, he is as effectively dismissed as where a formal order of dismissal is entered."). Givens answered the amended petition and, like Collier and Butcher

[1]    Rice alleged that because of federal rulings in *Ruiz v. Procunier*, Civil Action No. H-78-987-CA, TDCJ officials and a class of inmates entered into a memorandum agreement in 1985 (the "Ruiz memorandum"), which provided in relevant part: "[T]he parties have reached the following agreement with respect to the provision of dayroom space in certain cellblocks at the . . . Ramsey I Unit . . .  In lieu of constructing additional dayroom space at the Ramsay I Unit, defendants shall effect the following procedures and improvements with respect to all general population cellblocks: . . . 3. All prisoners shall have continuous ingress and egress from their cells, and shall be permitted to lock and unlock their own cells, except during the hours all cells are locked for sleeping."

before him, moved to dismiss under Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE § 14.003. The record does not include a ruling on Givens's motion to dismiss.

Even though the record does not contain a ruling on Givens's motion, Rice filed a notice purporting to appeal from the dismissal of his claims on that motion pursuant to an October 2, 2019 order. But the only order issued on October 2 that is included in the appellate record is unrelated to Givens's motion to dismiss. The October 2 order concerns a separate matter—the trial court's previously issued notice of its intent to dismiss the case unless Rice obtained service on all defendants. In addition, the October 2 order is not an order of dismissal. Quite the opposite, it expressly provides that the action required in the earlier notice of intent to dismiss, i.e., service, "was . . . accomplished" and that the case was "therefore RETAINED."

Concerned that an order dismissing Rice's claims on Givens's motion was omitted from the record, we twice requested preparation of a supplemental clerk's record to include the appealed-from order. *See* TEX. R. APP. P. 34.5(a)(5) (requiring clerk's record to include "the court's judgment or other order that is being appealed."). In response to both requests, the district clerk certified that the October 2 order issued in connection with the notice of intent to dismiss was the only appealed-from order, thereby indicating there were no other orders inadvertently

omitted from the record.[2] However, the October 2 order retaining the case is not an appealable interlocutory order; nor is it a ruling against Rice. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 51.014 (listing appealable interlocutory orders). Moreover, because the record does not indicate there has been a ruling on Givens's motion to dismiss and therefore Rice's claims against Givens remain pending, there is no final judgment.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014. In the absence of an appealable interlocutory order or a final judgment, we dismiss the appeal for want of jurisdiction.[3] *See* TEX. R. APP. P. 42.3(a), 43.2(f).

**PER CURIAM**

Panel consists of Justices Landau, Guerra, and Farris.

---

[2] We note a possible source of confusion in the record is the notice of the October 2 order generated by the district clerk's office, which indicates that "On October 02, 2019, the following order was signed: Order of Dismissal" despite the district clerk's certification that the only order filed on that date is the October 2 order retaining the case on the trial court's docket.

[3] In compliance with Texas Rule of Appellate Procedure 42.3, we gave Rice notice of our intent to dismiss this appeal. *See* TEX. R. APP. P. 42.3(a) (requiring ten days' notice to all parties of Court's intention to dismiss for want of jurisdiction).