COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       *Erin McCain and Marc A. Townley v. Linda A. Lanier*

Appellate case number:     01-21-00679-CV

Trial court case number:   2020-59696

Trial court:               151st District Court of Harris County, Texas

In the underlying suit brought by appellants Erin McCain and Marc A. Townley against appellee Linda A. Lanier, Lanier moved for sanctions pursuant to Texas Rule of Civil Procedure 13 after appellants made purportedly false statements in their filed objections to Lanier's motion for continuance. Appellants filed a response to Lanier's motion for sanctions, in which they stated that Lanier's "motions for sanctions constitutes violations of Chapter 27 of the Texas Civil Practice and Remedies Code to the extent that these actions interfere with Plaintiffs' exercise of their Constitutional rights to petition." Appellants further stated that "[f]or purposes of Defendant's requests for sanctions which are currently pending before the Court, Plaintiffs hereby invoke the provisions of § 27.003 of the Texas Civil Practice and Remedies Code [(CPRC)] and move to dismiss." No further argument was made or briefing filed in support of their Texas Citizens Participation Act (TCPA) motion.

On November 15, 2021, the trial court granted Lanier's motion for sanctions and awarded $50 to Lanier as reasonable attorney's fees. The same day, appellants filed a request for hearing/notice of submission and requested "a hearing on their motion according to § 27.004 of the Texas Civil Practice and Remedies Code." Appellants filed an amended request for hearing the following day, stating that "counsel for Defendant has complained that notice is inadequate under subsection (d) of the [CPRC] (requiring 21 days notice)" and requested that their motion be set for a later date.

On November 18, Lanier filed special exceptions to appellants' amended request for hearing, arguing that appellants' representation in their request that Lanier's counsel complained that notice of the hearing was inadequate was "blatantly false" as counsel "asserted no such complaint." Further, Lanier noted that the trial court had already ruled on her motion for sanctions. Lanier requested that the trial court strike the amended request for hearing in full, remove the motion to dismiss the motion for sanctions from the trial

court's docket, as the motion was moot and the setting was not necessary. On November 29, the trial court sustained Lanier's special exceptions and found that appellants' motion to dismiss was moot and denied their request for a hearing. The trial court further found "no need for further discussion or hearing of the Motion to Dismiss or the Special Exceptions based upon this Order and prior Orders of this Court."

On November 30, 2021, appellants filed a notice of appeal purporting to appeal from the trial court's November 15, 2021 "Order Imposing Sanctions" and its November 29, 2021 "Order on Defendant's Special Exceptions." In five issues on appeal, appellants argue that the trial court erred by: (1) denying their request for a hearing on their TCPA motion; (2) mooting and failing to rule on their TCPA motion; (3) failing to dismiss Lanier's motion for sanctions because it infringed on their right to petition; (4) imposing sanctions without a hearing in violation of due process; and (5) sustaining Lanier's special exceptions without first providing appellants an opportunity to respond or to cure defects.

From our review of the record, it appears that appellants have not appealed from a final judgment or an otherwise appealable interlocutory order. This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014. Section 51.014(12) allows a party to file an interlocutory appeal from the denial of a motion to dismiss filed under the TCPA, Section 27.003 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE § 51.014(12). Section 27.005 requires a court to rule on the TCPA motion to dismiss "not later than the 30th day following the date the hearing on the motion concludes." *Id.* § 27.005. If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal. *Id.* § 27.008(a).

However, "it is the date of the trial court's hearing on the motion to dismiss that starts the clock for the trial court's thirty-day deadline to rule, and only if the trial court fails to rule within that time frame is the motion considered denied by operation of law." *Wightman-Cervantes v. Hernandez*, No. 02-17-00155-CV, 2018 WL 798163, at *1 (Tex. App.—Fort Worth Feb. 9, 2018, pet. denied) (mem. op.). Accordingly, "[i]f the trial court does not expressly deny the motion to dismiss and the motion to dismiss is not denied by operation of law because there was no hearing, then there is no order subject to an interlocutory appeal." *Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *2 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.); *see also RPM Servs. v. Santana*, No. 06-19-00035-CV, 2019 WL 4064576, at *2 (Tex. App.—Texarkana Aug. 29, 2019, pet. denied) (mem. op.) ("[W]e do not have jurisdiction to hear an interlocutory appeal under the TCPA when there has been neither a hearing on the motion to dismiss, nor an express order dismissing the motion."); *Wightman-Cervantes*, 2018 WL 798163, at *1 ("Since the trial court held no hearing on [the] motion, it necessarily did not fail to rule on that motion within thirty days after the hearing on the motion. Thus, [the] motion was not denied by operation of law.").

Here, although the trial court found in its November 29 order that appellants' TCPA motion to dismiss was "moot," it did not expressly deny the motion. *See Braun*, 2017 WL 4250235, at *2 (requiring express denial or denial by operation of law following hearing for jurisdiction over interlocutory appeal related to TCPA motion); *see also RPM Servs.*, 2019 WL 4064576, at *2 (same). Moreover, it is undisputed that the trial court denied appellants' request for a hearing and, thus, no hearing on their TCPA motion to dismiss was held. Accordingly, the motion to dismiss could not have been denied by operation of law. *See Wightman-Cervantes*, 2018 WL 798163, at *1.

Furthermore, appellants purport to appeal from and challenge the trial court's substantive orders and rulings on Lanier's motion for sanctions and special exceptions, neither of which is an appealable interlocutory order. *See Brenners v. Green*, No. 06-20-00034-CV, 2020 WL 4044716, at *1 (Tex. App.—Texarkana July 16, 2020, no pet.) ("Generally, an order imposing monetary sanctions is reviewed on appeal from the final judgment in the case."); *Nguyen v. Aventus Ins. Co.*, No. 14-18-00720-CV, 2018 WL 5261141, at *1 (Tex. App.—Houston [14th Dist.] Oct. 23, 2018, no pet.) (holding that orders sustaining special exceptions and granting a motion for sanctions are interlocutory in nature and not appealable before final judgment); *Kamel v. Advocare Int'l, L.P.*, No. 05-15-01295-CV, 2016 WL 836809, at *1 (Tex. App.—Dallas Mar. 4, 2016, no pet.) (mem. op.) ("A sanctions order that does not dispose of all the parties and issues is neither an appealable final judgment nor an appealable interlocutory order."); *Matassarin v. Odiorne*, No. 04-01-00498-CV, 2001 WL 1479258, at *1 (Tex. App.—San Antonio Nov. 21, 2001, no pet.) (per curiam) ("An order for monetary sanctions rendered in connection with an underlying lawsuit is interlocutory if it does not dispose of all parties and claims in the lawsuit."). Even if we had jurisdiction over appellants' appeal from the trial court's orders relating to the TCPA motion to dismiss, we do not have jurisdiction over other ancillary rulings contained within the same interlocutory order. *See Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 891 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (dismissing appeal from partial grant of TCPA motion to dismiss and concluding that "denial of a [TCPA] motion to dismiss does not provide an avenue of interlocutory appeal to all other ancillary rulings contained within the same written 'interlocutory order'").

Based on our review of the record and considering the case law cited above, appellants do not appear to appeal from a final judgment or other appealable order.

The Court therefore orders appellants to file a written response, with citation to law and the record, demonstrating that this Court has appellate jurisdiction over this appeal (or a portion of this appeal) from the trial court's November 15 and 29 orders granting Lanier's motion for sanctions and special exceptions. Failure to respond will result in dismissal of the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). **Appellants' response is due in this Court within fifteen days of the date of this order**. We further request appellee to file a reply to appellants' written response regarding our jurisdiction over this appeal. **Appellee's reply, if any, is due within fifteen days the date of appellants' response is filed.**

It is so ORDERED.

Judge's signature: /s/ Amparo Guerra
                        ☐ Acting individually    ☒ Acting for the Court

The panel consists of Justices Landau, Countiss, and Guerra.

Date:  February 14, 2023