# Supreme Court of Texas

No. 22-1076

In re Commitment of Timothy Daniel Renshaw

On Petition for Writ of Mandamus

**PER CURIAM**

A person civilly committed as a sexually violent predator has a statutory right to petition a trial court for release without the Texas Civil Commitment Office's authorization. *See* TEX. HEALTH & SAFETY CODE §§ 841.006, .122. But if the trial court concludes that an unauthorized petition is frivolous and probable cause does not exist to believe that the petitioner's behavioral abnormality has changed such that the petitioner is no longer likely to engage in a predatory act of sexual violence, the petition must be denied without a hearing. *See id.* § 841.123(c), (d). Although a "civil commitment proceeding" is generally "subject to the rules of procedure and appeal for civil cases," *id.* § 841.146(b), the Legislature has defined "civil commitment proceeding" to mean "a trial or hearing" conducted under the relevant statutory provisions, *id.* § 841.002(3–a).

Here, the trial court denied pro se Timothy Renshaw's unauthorized petition for release without a hearing. Renshaw

petitioned the court of appeals for writ of habeas corpus and, in the alternative, requested that the court "consider this a petition for a writ of mandamus." The court dismissed his petition for want of original jurisdiction to issue a writ of habeas corpus. ___ S.W.3d ___, 2022 WL 16568144, at *1-2 (Tex. App.—Texarkana Nov. 1, 2022). But the court did not address Renshaw's express request for mandamus relief. *Id.*; *see also* TEX. GOV'T CODE § 22.221(b) (providing courts of appeals with broad original jurisdiction to issue writs of mandamus); *CMH Homes v. Perez*, 340 S.W.3d 444, 452 (Tex. 2011) (holding that the court of appeals' original jurisdiction was invoked when the party specifically requested that its appeal be treated as a mandamus petition).

Without hearing oral argument, we conditionally grant mandamus relief and direct the court of appeals to withdraw its previous opinion and reconsider Renshaw's habeas corpus petition as a petition for writ of mandamus, as he requested. *See* TEX. R. APP. P. 52.8; *cf. also* *CMH Homes*, 340 S.W.3d at 454 (when petitioner "specifically requested mandamus relief in the court of appeals and preserved that issue in this Court," "we instruct the court of appeals to consider this appeal as a petition for writ of mandamus" because "judicial efficiency militates against requiring" the filing of a separate original proceeding); *In re Kiberu*, 262 S.W.3d 806, 806 (Tex. 2008) (conditionally granting writ of mandamus and directing the court of appeals to withdraw its previous opinion denying mandamus relief and to reconsider the relators' petition). Our holding is limited to the procedural requirement that the court of appeals address Renshaw's petition for mandamus relief. We express no opinion on whether mandamus review of a denial of an

unauthorized petition for release is appropriate or, if it is, whether Renshaw would be entitled to mandamus relief. The court of appeals should resolve these questions in the first instance. We are confident the court of appeals will promptly comply; our writ will issue only if it does not.

**OPINION DELIVERED:** July 14, 2023