

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00067-CV

**IN THE INTEREST OF V.D.L.** and V.D.L., Children

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-01463
Honorable Monique Diaz, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: March 27, 2024

DISMISSED FOR LACK OF JURISDICTION

This appeal arises from a suit by the grandmother ("Grandmother") of the children subject of the suit wherein she sought to terminate the parental rights of the children's father ("Father").[1] Although Grandmother filed the suit in 2016, the record does not reflect there has been a final hearing on the petition to terminate parental rights. Further, the clerk's record does not contain an order terminating Father's parental rights.

On January 31, 2024, Father filed a notice of appeal seeking "interlocutory relief to alter the trial court's ruling regarding Motion for Writ of Attachment & Order to Appear and Motion for Sanctions." However, no such order appears in the clerk's record. Instead, the trial court filed

---

[1] To protect the identity of a minor child in an appeal from an order terminating parental rights, we refer to the parties with pseudonyms and to the children as "the children." *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

a letter in the clerk's record on February 8, 2024 stating: "The Court has yet to receive an agreed order, or a request for a hearing on a motion to enter." Moreover, the trial court withdrew its ruling regarding sanctions in its February 8, 2024 letter.

On February 12, 2024, we issued an order stating we did not have jurisdiction over this appeal and ordering appellant to show cause no later than February 26, 2014, why this appeal should not be dismissed for lack of jurisdiction. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments."); *McAndrews v. Lowe*, No. 01-16-00836-CV, 2017 WL 2117532, at *2 (Tex. App.—Houston [1st Dist.] May 16, 2017, no pet.) ("The order for issuance of the writ of attachment is not an appealable order."); *In re I.G.R.*, No. 04-14-00262-CV, 2014 WL 3930199, at *2 (Tex. App.—San Antonio Aug. 13, 2014, no pet.) ("We cannot, however, find any statutory authority that allows a party to appeal from an interlocutory order that . . . denies a motion for sanctions and attorney's fees.").

To date, appellant has not responded to our order. Accordingly, we dismiss this appeal for lack of jurisdiction.[2] *See* TEX. R. APP. P. 42.3(a), (c).

PER CURIAM

---

[2] On February 27, 2024, appellant filed a motion for extension of time requesting an additional forty-eight hours to file his brief. Because we are dismissing this appeal for lack of jurisdiction, we deny the motion for extension of time as moot. The motion for sanctions filed by the children's attorney ad litem is denied.