**Opinion issued August 20, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00256-CV

———————————

**RAYMOND TORRES, Appellant**

**V.**

**SUSAN DOSTAL, STEPHEN HAMILTON, OWEN J. MURRAY, LORI VACEK, LANNETTE LINTHICUM, LEIGH SMITH, AND JANE DOE,**
**Appellees**

---

**On Appeal from the County Court at Law No. 2**
**Brazoria County, Texas**
**Trial Court Case No. CI58039**

---

## MEMORANDUM OPINION

On March 7, 2024, appellant, Raymond Torres, incarcerated and proceeding pro se, filed a notice of appeal. However, appellant's notice of appeal did not sufficiently identify any final judgment or appealable order appellant challenged on

appeal. *See* TEX. R. APP. P. 25.1(d)(2). His notice of appeal stated that "on or about June 16, 2020," the trial court "issued an order remanding case to Justice of the Peace 4-1 for a hearing on the merits." However, appellant "heard nothing from the lower court," and therefore requested that he be "grant[ed] . . . an appeal."

This Court generally only has jurisdiction over appeals from final judgments and specific interlocutory orders that the Legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. The appellate record does not reveal that a final, or otherwise appealable, order or judgment was entered by the trial court.

Accordingly, on April 30, 2024, the Court issued an order directing appellant to file a written response demonstrating that the Court had jurisdiction over the appeal, specifically directing appellant to identify an appealable judgment or order which appellant seeks to appeal. Appellant was further notified that the failure to adequately respond could result in dismissal of the appeal.

On May 14, 2024, appellant responded to the Court's order, and identified the trial court's June 16, 2020 "Order Remanding Case to Justice of Peace 4-1" as the order appellant seeks to appeal. While this order is included in the appellate record, it does not appear to be a final, or otherwise appealable, order. Appellant failed to provide the Court with any authority to support that a trial court order remanding a case to a lower court is a final judgment or otherwise appealable interlocutory order,

nor is this Court aware of any such authority. Absent such authority, we lack jurisdiction over the appeal.

Additionally, even assuming the trial court's June 16, 2020 "Order Remanding Case to Justice of Peace 4-1" were final or otherwise appealable, we would lack jurisdiction over the appeal because it is untimely. *See* TEX. R. APP. P. 25.1. Generally, a notice of appeal of a final judgment must be filed within thirty days after the entry of judgment or appealable order. *See* TEX. R. APP. P. 26.1. Accordingly, an appeal from the trial court's June 16, 2020 order would have required that a notice of appeal be filed on or before July 16, 2020. Appellant's March 7, 2024 notice of appeal was therefore not timely filed to invoke this Court's jurisdiction.

For these reasons, appellant's May 14, 2024 response to the Court's April 30, 2024 order failed to establish that the Court has jurisdiction over the appeal. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Guerra, and Farris.