In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-24-00200-CV**

**IN THE MATTER OF E.C.H.**

**On Appeal from the 317th District Court
Jefferson County, Texas
Trial Cause No. 6994-J**

**MEMORANDUM OPINION**

E.C.H., an adult seeking access to copies of records from a case that was filed while he was a juvenile, filed a notice of appeal from an order denying E.C.H.'s "Motion to Compel and Order Court Reporter and District Clerk's Office to Release Documents the Court so Ordered" and from an order denying E.C.H.'s "Application for Subpoena." On May 31, 2024, E.C.H. filed a "Motion to Compel Trial Court to Send all Official Court Documents the Court so Ordered" in the appellate court.

On June 3, 2024, the Clerk of the Court of Appeals questioned whether this Court had jurisdiction over E.C.H.'s attempted appeal and warned the parties that

1

the appeal would be dismissed unless the Court received a response that identified the statute that gave the Court jurisdiction over the appeal.

On July 30, 2024, E.C.H. responded to the notice issued by the Clerk by filing a "Supplement to Motion to Compel." In this response, E.C.H. stated that he believed the orders were final when they were signed and could be appealed. In the alternative, E.C.H. asked the appellate court to treat his Motion to Compel as a petition for a writ of mandamus.

"[T]he general rule, with a few mostly statutory exceptions, is that a direct appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Generally, "there is only one final judgment in a given lawsuit." *Sunnyland Dev., Inc. v. Shawn Ibrahim, Inc.*, 597 S.W.3d 1, 3 (Tex. App.—Houston [1st Dist.] 2020, no pet.). "An appeal from a post-judgment order that is not appealable must be dismissed for lack of jurisdiction." *Id*. "Post-judgment orders that are not subject to appeal must be challenged by a petition for writ of mandamus." *Id.* However, an appellant may invoke the appellate court's original jurisdiction by specifically requesting that his appeal be treated as a mandamus petition. *CMH Homes v. Perez*, 340 S.W.3d 444, 454 (Tex. 2011). E.C.H. did so here.

We conclude the post-judgment orders in this case are not subject to appeal. Accordingly, we consider whether E.C.H. is entitled to mandamus relief. We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court

2

when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because "'[a] trial court has no "discretion" in determining what the law is or [in] applying the law to the facts[.]'" *See Prudential*, 148 S.W.3d at 135 (quoting *Walker*, 827 S.W.2d at 840).

E.C.H. concedes that the trial court granted three motions in which E.C.H. requested copies of record from his juvenile case from the District Clerk and the court reporter. Two letters to E.C.H. from the Family Law Supervisor of the Jefferson County District Clerk's Office state that the office had mailed to him "every document from Juvenile Cause #6994-J." A third letter stated she had mailed to him "all documents filed in your Juvenile Records Case #6994-J and 7125-J. I can't provide records that we don't handle in our office." In the motion to compel that he filed with the trial court, E.C.H. complained that he had not received a reporter's record of a March 16, 1995 hearing, a clerk's record of documents filed on that date, or an arrest and detention record with exact disposition dates.

3

The record before the appellate court shows that the trial court granted E.C.H.'s requests for a copy of the documents filed in E.C.H.'s juvenile case, and that the District Clerk mailed to E.C.H. a copy of every document that was filed in Trial Cause Number 6994-J. The record further shows that the District Clerk's Office mailed to E.C.H. a copy of the file from Trial Cause Number 7125-J, the case in which the juvenile court certified E.C.H. as an adult. In the appellate court, E.C.H. argues that the Arrest and Detention Record exists because "about 27 years ago" his attorney gave him a copy of the record.[1] E.C.H. argues the reporter's record of the March 16, 1995 hearing exists because in 1996 the trial court granted E.C.H.'s attorney access to a copy of the hearing. Assuming that the Arrest and Detention Record and a transcript of the juvenile court hearing existed and that copies of those documents were in the possession of E.C.H. and his attorneys in the 1990's, E.C.H. failed to establish to the satisfaction of the trial court that the records currently exist in the possession of the District Clerk. On the record before us, we conclude that E.C.H. has not shown that the trial court abused its discretion when it denied E.C.H.'s "Motion to Compel and Order Court Reporter and District Clerk's Office

---

[1]In a February 2024 letter to the District Clerk's Office, E.C.H. explained that on June 6, 1997, his attorney filed an Application for Subpoena that included a request for "Juvenile record, including but not limited to his arrest records and detention records."

to Release Documents the Court so Ordered" and his "Application for Subpoena." Accordingly, we deny E.C.H.'s alternative request for mandamus relief.

We conclude that the orders identified in E.C.H.'s notice of appeal are not appealable as a final judgment. We further conclude that the trial court did not abuse its discretion when it denied E.C.H.'s motions. Accordingly, we deny the request for mandamus relief and we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f), 52.8(a).

APPEAL DISMISSED.

PER CURIAM

Submitted on August 28, 2024
Opinion Delivered August 29, 2024

Before Golemon, C.J., Wright and Chambers, JJ.