**Opinion issued August 28, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00401-CV

————————————

**BLOGGER INC. AND MARK BURKE, Appellants**

**V.**

**ANDREW LEHMAN, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2025-14896**

---

## MEMORANDUM OPINION

Appellants, Blogger Inc. and Mark Burke, filed a notice of appeal, purportedly appealing a May 15, 2025 "Enforcement of Foreign Judgment," which, according to appellants, was "backdated as a 'Final Order' by the [trial] court" and "dated the same date as the original petition filed on Mar[ch] 4, 2025" by appellee, Andrew

Lehman. Appellants' notice of appeal was filed by Mark Burke, purportedly acting both as pro se counsel for himself as an appellant, but also on behalf of Blogger Inc. The appellate record does not establish that Mark Burke is a licensed attorney.

We dismiss the appeal for lack of jurisdiction, want of prosecution, and appellants' failure to comply with a requirement of an order of this Court. *See* TEX. R. APP. P. 42.3(a), (b), (c).

While a non-attorney may perfect an appeal on behalf of a corporate entity, the non-attorney may not prosecute the appeal. *See Kunstoplast of Am. v. Formosa Plastics Corp., USA*, 937 S.W.3d 455, 456 (Tex. 1996); *see also Wuxi Taihu Tractor Co., Ltd. v. York Grp., Inc.*, No. 01-13-00016-CV, 2014 WL 6792019, at *8–9 (Tex. App.—Houston [1st Dist.] Dec. 2, 2014, pet. denied) (mem. op.); *Simmons, Jannace & Staff, LLP v. Buzbee Law Firm*, 324 S.W.3d 833, 833 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (business entities, as fictional legal persons, cannot represent themselves). For this reason, on July 22, 2025, the Court ordered appellants to retain a licensed attorney on behalf of Blogger Inc. and directed any attorney retained to file a notice of appearance on behalf of Blogger Inc. within ten days of the date of the order. Appellants were further notified that failure to comply with the order could result in dismissal of the appeal. Despite notice that the appeal was subject to dismissal, appellants failed to respond to the Court's order and the Court's records reflect that no licensed attorney has made an appearance on behalf of Blogger Inc.

Additionally, this Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. The Court's records do not reflect that any final judgment or other appealable interlocutory order has been signed. Appellants' notice of appeal states that they seek to appeal a May 15, 2025 "Enforcement of Foreign Judgment." However, the Court's records do not include any signed, appealable order or judgment of the trial court from that date or any other.

For that reason, in our July 22, 2025 order, the Court also ordered appellants to file a written response, containing citation to the law and record, demonstrating that this Court has jurisdiction over this appeal, specifically, directing appellants to identify any signed judgment or other order of the trial court which appellants seek to appeal. Appellants were directed to file any such response within ten days of the date of the order and notified that the failure to respond could result in dismissal of the appeal. Despite the Court's notice that the appeal was subject to dismissal, appellants failed to respond to the Court's order.

Further, on June 5, 2025, appellants filed a notice of election stating that appellants intended to file an appendix in lieu of a clerk's record for this appeal. *See* TEX. R. APP. P. 34.5a (permitting appellant to file appendix "that replaces the clerk's

3

record for the appeal"). Where an appellant files a notice of election that an appendix will be filed in lieu of a clerk's record, that appellant's brief is due within thirty days after the later of: (1) the date appellant filed the notice of election or (2) the date the reporter's record is filed. *See* TEX. R. APP. P. 34.5a(b). On June 4, 2025, the official court reporter for the 215th District Court for Harris County, Texas notified the Court that no record was taken in the underlying cause, and appellant filed its notice of election on June 5, 2025. Accordingly, appellants' brief was due to be filed no later than July 7, 2025. *See* TEX. R. APP. P. 34.5a(b). Despite that, appellants neither filed a brief nor the appendix in lieu of the clerk's record.

Accordingly, our July 22, 2025 order further notified appellants that the appeal was subject to dismissal for want of prosecution unless, within ten days of the date of the order, appellants filed a brief or a meritorious motion to extend the brief deadline. Despite the Court's notice that the appeal was subject to dismissal, appellants failed to respond to the Court's July 22, 2025 order.

Accordingly, we dismiss this appeal for lack or jurisdiction and want of prosecution and "because the appellant[s] . . . failed to comply with . . . a court order . . . requiring a response or other action within a specified time." *See* TEX. R. APP. P. 42.3(a), (b), (c), 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.