

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00777-CV

Audrey **CISNEROS**,
Appellant/Relator

v.

Claudia **ROLDAN** and Clarot Trucking and Equipment Services, LLC,
Appellees/Real parties in interest

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2025CVK000684D4
Honorable David E. Garcia, Judge Presiding

Opinion by:     Lori Massey Brissette, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: May 27, 2026

DISMISSED FOR WANT OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS
DENIED

In this dispute between business partners, we must determine whether a trial court's
prejudgment order disbursing funds from a court registry is interlocutorily appealable as a
temporary injunction or, alternatively, whether appellant is entitled to mandamus relief. Based on
the law and the record, we conclude the trial court's order is not interlocutorily appealable and
deny Audrey Cisneros's request, in the alternative, for mandamus relief.

## BACKGROUND

Audrey Cisneros and Claudia Roldan are owners/members of Clarot Trucking and Equipment Services, LLC. Clarot filed suit against Cesar Cisneros—Audrey's husband—in connection with a loan made to Cesar for the purchase of a home for himself and Audrey, alleging claims of breach of fiduciary duty, fraud, conversion, Texas Theft Liability Act, a declaratory judgment, and for the misapplication of trust funds. Audrey intervened and filed suit against Claudia Roldan, Clarot, and third-party defendants C O Transportation Services, LLC (COT), Luis Roldan—Claudia's husband—and Toro Road Service, LLC, alleging breach of fiduciary duty and seeking to terminate and wind up both Clarot and COT because Claudia was allegedly mismanaging Clarot. Claudia then filed a petition in intervention alleging the same facts and claims as Clarot and adding the Cisneroses also took funds of approximately $177,824.48 without authorization from her for use in their business known as Eskimo Hut.

### NATURE OF TRIAL COURT'S ORDER REGARDING COURT REGISTRY FUNDS

The procedural posture of this appeal is unusual. Audrey and Claudia filed an "agreed motion" to deposit funds into the court registry. The trial court granted it in June 2025 and ordered $195,000 from a third party to be deposited into the court registry, with the third party "receiv[ing] credit from Clarot" for the deposit. Four months later, Claudia filed a motion seeking to "disburse cash to [herself]" in order to "equalize the undisputed [$307,000] debt owed to Clarot" by the Cisneroses. Claudia asked the court to take judicial notice of evidence, including bank checks, purporting to show (1) $177,000 taken from Clarot by Audrey Cisneros and Cesar Cisneros for the benefit of their company the Eskimo Hut and (2) approximately $130,000 taken from Clarot by Audrey Cisneros and Cesar Cisneros for their personal home. The trial court, without a hearing, granted the motion. The court found that $182,219.87 remained in the registry and awarded

$73,000 divided among the parties, with $47,450 going to the Roldans, and $25,550 going to the Cisneroses. The court did not order the disbursal of the remaining $109,219.87 and made no findings of liability on the pending claims when making the distribution.

After Audrey filed an appeal in this court, we ordered her to show cause why this appeal should not be dismissed for lack of jurisdiction because we found no authority authorizing an interlocutory appeal of an order granting disbursement of funds from the court's registry. After Audrey responded to our motion, we carried the question of this court's jurisdiction with the appeal.

Audrey does not contend the order is a final judgment. Nor do we find the trial court's order to be one. *See Harley Channelview Properties, LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 37 (Tex. 2024) ("Appellate review is ordinarily limited to final judgments."). Instead, Audrey argues the trial court's order is interlocutorily appealable pursuant to Subsection (a)(4) of 51.014 as a grant of a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4); see *Harley Channelview*, 690 S.W.3d at 37. Our jurisdiction therefore depends on whether the order is properly characterized as a temporary injunction. *See Harley Channelview*, 690 S.W.3d at 37.

An order is defined by its "character and function," not its form. *Id.* at 39, 41–42. An order has the character and function of a temporary injunction if it (1) restrains a party from, or forces a party to engage in, performance, (2) is effective immediately while the suit remains pending; and (3) compels performance or the cessation of performance based on a determination the opposing party's claim has merit. *Id.* at 37, 40. In this case, no party is ordered to do anything.[1] *See id.* at 41

---

[1] Even orders that require parties to deposit funds into the court registry are not necessarily injunctions. *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chemical Company, L.P.*, 540 S.W.3d 577, 587–88 (Tex. 2018).

(providing "not all interlocutory orders are temporary injunctions"). Nor was there anything in the motion or the order granting it purporting to resolve any of the claims on the merits.[2] *See id.*

Accordingly, the trial court's order is not interlocutorily appealable.

## MANDAMUS

Alternatively, Audrey requests we treat her appeal as a petition for writ of mandamus and grant mandamus relief. *See CMH Homes v. Perez*, 340 S.W.3d 444, 454 (Tex. 2011) (holding that while court of appeals did not have jurisdiction to consider interlocutory appeal, appeal may properly be treated as mandamus petition upon request). We grant Audrey's request to treat her appeal as a petition for writ of mandamus. *See id.* After considering the briefs, the motion to consider the appeal as a mandamus petition, the response filed by the Roldans, the appellate record, and the law, we conclude that Audrey has not shown her entitlement to mandamus relief because she has not demonstrated she lacks an adequate remedy by appeal. *See* TEX. R. APP. P. 52.8(a), (d); *see also* TEX. R. APP. P. 52.3(k); *CMH Homes*, 340 S.W.3d at 453 n.8.

Accordingly, we deny the petition for writ of mandamus.

## CONCLUSION

Because section 51.014(a)(4) does not authorize interlocutory appellate review of an order disbursing funds deposited by agreement in the court registry, we lack appellate jurisdiction to consider this appeal. We therefore dismiss this appeal for lack of jurisdiction. At Cisneros's request, we have treated the appeal as a petition for writ of mandamus, and we deny the petition. *See* TEX. R. APP. P. 52.8(a), (d).

Lori Massey Brissette, Justice

---

[2] Claudia did not seek a temporary injunction in her motion. She made no effort to show she had a cause of action against the Cisneroses or that she would suffer probable, imminent, and irreparable injury absent a temporary injunction. *See id.*