

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00342-CV

Lydia **MARTINEZ**,
Appellant

v.

**LAREDO INDEPENDENT SCHOOL DISTRICT**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2024CVK001317D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
            H. Todd McCray, Justice
            Velia J. Meza, Justice

Delivered and Filed: June 17, 2026

DISMISSED FOR LACK OF JURISDICTION

Appellant Lydia Martinez seeks to appeal the trial court's April 20, 2026, order granting Appellee Laredo Independent School District's motion for summary judgment. In her original petition, Martinez sued Laredo Independent School District, the City of Laredo, Webb County and 33 Real Construction, LLC. The trial court subsequently granted 33 Real Construction, LLC's motion for summary judgment and dismissed Martinez's claim against it. The trial court also granted Laredo Independent School District's motion for summary judgment and dismissed

Martinez's claim against it. It appears, though, that the claims against the City of Laredo and Webb County remain pending before the trial court.

Appellate courts have jurisdiction only over final judgments and appealable interlocutory orders. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see* TEX. CIV. PRAC. & REM. CODE § 51.014. When, as here, there has not been a conventional trial on the merits, courts will deem a judgment to be final if: (1) it actually disposes of every pending claim and party , or (2) it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so. *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023) (per curium) (citing *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021); *Lehmann v. Har-Con Corp.*, 39 S.W.3d at 192-93 (Tex. 2001). Here, the order granting summary judgment in favor of the Laredo Independent School District does not satisfy either of these requirements. The order does not dispose of all parties to this suit and it contains no language of finality. *See Lehmann*, 39 S.W.3d at 203-06 (noting that if the record reveals the existence of parties or claims not mentioned in the order, the order is not final).

Accordingly, this court ordered Martinez to show cause in writing why this appeal should not be dismissed for lack of jurisdiction, explaining the lack of a final judgment or an appealable interlocutory order. Martinez did not respond to our order. We therefore dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM